No. 27,043.

E. L. MARTIN, *Appellant,* v. W. H. LASSEN, Administrator, et al.,
*Appellees.*

SYLLABUS BY THE COURT.

WILLS—*Construction—Contingent Remainder.* A will which devises to trustees property to be held and managed by them until a specific time named in the will and provides that the property shall after that time be disbursed one-half to the widow of the testator and the other half to his children in equal shares, the descendants of any of such children as may die before the time for distribution to take the share of the deceased parent, or if any of such children shall die without leaving any children, then the share of any such deceased child shall be divided equally between the surviving children of the testator, creates a contingent remainder in each of the children of the testator.

Appeal from Sedgwick district court, division No. 3; GROVER PIERPONT, judge. Opinion filed January 8, 1927. Affirmed.

*Charles G. Yankey, John L. Gleason* and *Kenneth K. Cox,* all of Wichita, for the appellant.

*J. N. Haymaker,* of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sought to have property devised by Henry Lassen to A. H. Lassen subjected to the payment of a judgment in favor of the plaintiff and against W. H. Lassen, as administrator of the estate of A. H. Lassen, deceased. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

The action turns on the construction of the will of Henry Lassen. The will contained nine principal paragraphs, the first of which was in the nature of a preamble, the second of which devised a residence to the wife of Henry Lassen, and the third of which reads as follows:

"All the rest, residue, and remainder of my estate, whether real, personal or mixed, wheresoever situate, of which I may die seized or possessed, I devise and bequeath in trust to C. V. Topping, C. M. Jackman, Howard L. Case, and my beloved wife, Mary E. Lassen, all of Wichita, Kan., upon the uses and trusts and for the purposes following, namely, to be held, managed, handled and ultimately distributed by my said trustees as hereinafter directed for the use, benefit and advantage of my said wife, Mary E. Lassen, and of our children, including the children of both of us and of either of us,

Wills, 40 Cyc. p. 1677 n. 74.

to wit: James Taylor McInnes, Frances Mary Elsie McInnes, Teresa Gertrude Lassen, William Henry Lassen, and Aldrich H. Lassen."

The fourth, fifth, and sixth paragraphs prescribe the manner in which the trust should be operated by the trustees. Part of the seventh paragraph reads as follows:

"I direct that this trust shall terminate on the first day of January 1926; and I further direct that, subject to the disbursements and advances herein elsewhere provided for, that one-half of the said trust estate and of the rents, issues and profits thereof shall at the termination of said trust be paid or distributed to my said wife and the other half in equal parts to said children, share and share alike, the descendants of any such child or children as may die before such distribution, taking the share of the deceased parent, or if any such child die leaving no issue of its body, then such share shall be divided equally between the then survivors of said children."

The remainder of the seventh paragraph does not assist in the determination of the present controversy. The eighth paragraph is as follows:

"I further direct and authorize my said trustees to pay or distribute out of the rents, profits and issues of the trust estate a sum not exceeding ten thousand dollars to any of the children above mentioned at the time such child marries or becomes twenty-five years of age. Any advancements made to any of the children mentioned herein by said trustees under any provision of the will authorizing same, shall be charged to any such child receiving the same in final settlement and distribution of the estate."

The ninth paragraph appointed executors and trustees, which were subsequently changed by a codicil thereto. Mary E. Lassen, the wife of Henry Lassen, consented to the will and to the codicil. A. H. Lassen died September 4, 1924, and W. H. Lassen was appointed administrator of his estate.

The plaintiff contends that A. H. Lassen under the will took a vested remainder in the property devised to him. The defendants contend that he took a contingent remainder therein.

The will discloses the intention of the testator, that the property should go to trustees to be managed and controlled by them until January 1, 1926, when it should be distributed by them, one-half to the wife of the testator, and the other one-half in equal parts to his children if they were then all alive, or to the descendants of any of the children named in the will that should have died before January 1, 1926, or to the surviving children of Henry Lassen, if any of his children died leaving no issue of his body. All that any child of Henry Lassen obtained under the will before the termination of the

trust was $10,000 that might be paid by the trustees when such child married or became twenty-five years of age. Other than the $10,000, no child of Henry Lassen obtained anything under the will until after the termination of the trust. Those of the children of Henry Lassen who were then living, or the descendants of any who might be dead, then took the property that had been devised by the will except the $10,000 that might have been paid under the eighth subdivision of the will. Until the termination of the trust, it could not at any time be known who would take the property devised. All of the children of Henry Lassen might die before the termination of the trust. Under repeated declarations of this court, the will created a contingent remainder in A. H. Lassen. (*Purl v. Purl,* 108 Kan. 673, 197 Pac. 185; *Kirkpatrick v. Kirkpatrick,* 112 Kan. 314, 211 Pac. 146.) He died before the trust terminated, and his estate did not receive anything from the trust estate.

The judgment is affirmed.