No. 29,768.

ROBERT WALKER, *Appellant* and *Cross Appellee*, v. C. N. ROW, *Appellee* and *Cross Appellant*.

(296 Pac. 699.)

Opinion filed March 7, 1931.

The opinion of the court was delivered by

DAWSON, J.: This was an amicable suit for specific performance of a contract for the conveyance of two ten-acre tracts of land and for the assignment of a gas-and-oil lease on a quarter section.

Plaintiff had agreed to sell and defendant agreed to buy, and it was also agreed that plaintiff's title need not be strictly merchantable, but must be good enough to pass muster in law. The pleadings, exhibits and admissions of the parties left no issues of fact in dispute. Plaintiff's title was deraigned from certain devisees of the late Daniel Brindel, of Pawnee county, former holder of fee, certain paragraphs of whose will provided:

"Third. I give, devise and bequeath to my daughter, Bertha Row, all of the southeast quarter of section thirty, township twenty-three, and range sixteen in Pawnee county, Kansas, to have and hold the same, and have all of the rents, benefits and profits, for and during her natural life, and at her death to be equally divided between her living children, share and share alike."

"Ninth. I give, devise, and bequeath to my granddaughter, Mamie King, all of the southwest quarter of section thirty-three, township twenty-three, and range sixteen, in Pawnee county, Kansas, to have and to hold the same, for and during her natural life, to have all of the use and profits thereof, and at her death to be equally divided between her children."

The sufficiency of plaintiff's title to one of the ten-acre tracts and to the gas-and-oil lease depends upon the construction of the third paragraph of the will, and the sufficiency of his title to the second ten acres turns upon the proper construction of the ninth paragraph.

The will was executed on February 25, 1925. The testator died July 31, 1927. His will was duly probated and his estate has been fully administered.

Bertha Row, named in the third paragraph of the will, was a widow who had two adult children and one minor child when the testator died. She and her two adult children and the husband of one of these, who was married, conveyed to plaintiff their interest in the quarter section described. The interest of Bertha's minor child was also conveyed to plaintiff by its guardian under lawful sanction of the probate court.

Defendant balked at plaintiff's title. The trial court held the title good and that specific performance of the contract covering a ten-acre tract included in the land devised in the third clause of the will should be decreed. The court also held that the contract for assignment of the oil-and-gas lease involving the same quarter section under the same sort of title should likewise be enforced.

Let us determine the propriety of that judgment before concerning ourselves with the question involved in the ninth paragraph of the will. It will be noted that Bertha Row was only given a life estate by the will. The remainder was devised to others. To whom? It cannot now be declared with certainty. It will go to whatever children of Bertha Row are living when she dies. Until that event transpires the remaindermen cannot be definitely ascertained. Moreover, Bertha Row may yet have other children of her own body. She may also adopt others. If either or all of the present living children should die before Bertha herself and if she has no others, it

would become quite apparent that the conveyance plaintiff now holds of their interest would give him no title. Until Bertha dies, her now living children have nothing in certainty to convey. A remainder estate where such uncertainty exists is contingent. Blackstone defines a contingent remainder as one where the estate is limited to take effect, either to a dubious and uncertain person, or upon a dubious and uncertain event; so that the precedent estate may be terminated and the remainder never take effect. (1 Blackstone, Book 2, Cooley's 3d ed. 169.) In 1 Bouvier's Law Dictionary, Rawle's 3d Rev. 655, a contingent remainder is defined as one limited so as to depend upon an event which may never happen or be performed, or which may not happen or be performed until after the determination of the preceding estate.

In *Purl v. Purl*, 108 Kan. 673, 199 Pac. 185, a testator devised a life estate in land to his son, and provided that at his death it should go to his children if he had any living; if not, the land should go to his brothers and sisters or their heirs. It was held that the estate in remainder was contingent until the death of the life tenant.

In *Kirkpatrick v. Kirkpatrick*, 112 Kan. 314, 211 Pac. 146, it was held that interests in real estate which depended on survival of a thirty-year trust were contingent and not vested.

In *Rewis v. Rewis et al.*, 79 Fla. 126, a testatrix devised lands to her daughter "to have and to hold during her lifetime, and at her death to go to her living children." A granddaughter of the life tenant sought to have the lands partitioned, thus raising the question whether the interests of the remaindermen were vested or contingent. The court held that the uncertainty as to which of the life tenant's children would survive her made the remainders "at her death to go to her living children" contingent and not vested remainders, citing 23 R. C. L. 501, 516; 13 Cyc. 638. See, also, *McCartney v. Robbins*, 114 Kan. 141, 217 Pac. 311; *Martin v. Lassen*, 122 Kan. 406, 251 Pac. 1083; *Berthoud v. McCune*, 130 Kan. 634, 287 Pac. 904; *Robertson v. Guenther*, 241 Ill. 511.

Counsel for plaintiff remind us that in the construction of wills courts prefer to hold remainder estates vested rather than contingent, and that the testator's intention is to be given force and effect wherever possible. These rules of construction are sound and frequently helpful, but they are not potent enough to transform an inherent uncertainty into a certainty. They cannot change the fact that until Bertha Row dies it must remain uncertain who will

take the remainder estate. It therefore follows that the tendered conveyance and the tendered oil-and-gas lease based on plaintiff's title acquired from Bertha Row and her children are not good enough to justify a decree of specific performance.

Passing next to plaintiff's title deraigned from Mamie King, beneficiary under the ninth clause of her grandfather's will, plaintiff claims title to the quarter section described in that clause by virtue of a general warranty deed from Mamie King. The trial court held that the devise to Mamie did not vest in her such a title as would warrant a decree in specific performance in behalf of her grantee.

Plaintiff contends that the ninth clause in the will either created an estate in fee simple or in fee tail in Mamie King. If the latter, the entailment, of course, could be cut off by a conveyance. (*Ewing v. Nesbitt*, 88 Kan. 708, 129 Pac. 1131; *Houck v. Merritt*, 131 Kan. 151, 289 Pac. 431.) Of course, the testator did not expressly devise an estate in fee simple to Mamie. According to the text she was "to have and to hold the same, for and during her natural life, to have all of the use and profits thereof." No more. "At her death," the testator intended and so declared, the remainder was "to be equally divided between her children." At the time Mamie conveyed to plaintiff she was not married and she had no children, either natural or adopted. She may yet have either or both. The testator did not specifically limit the succession to children who must be issue of her own body. It therefore appears that the title to the remainder estate is contingent on circumstances which may yet arise prior to Mamie King's death. Mamie King did not own the fee; and she was only a life tenant, not a tenant in tail, when she conveyed to plaintiff. Consequently the trial court ruled correctly in refusing specific performance on this phase of the action.

We note that plaintiff holds quitclaim deeds to the properties in question from all the heirs of the testator, but these are of no consequence in this lawsuit.

The judgment of the district court in favor of Walker, plaintiff, for specific performance based upon his title derived from Bertha Row and her children under the third clause of the will is reversed, and the judgment in favor of Row, defendant, on the insufficiency of plaintiff's title derived from Mamie King under the ninth clause of the will is affirmed.