THEODORE B. CALLISON, Appellant, v. SARAH M. MORRIS
AND JONATHAN MARION MORRIS.

**Wills:** VESTED REMAINDER. A devise of real estate to the widow for
life, with remainder to a son, vests complete title in such de-
visees, and the son's interest is not rendered contingent by an
additional provision that if the son should die before distribu-
tion, his issue, if he left any, otherwise his heirs should receive
his share.

123 | 297
130 | 614

*Appeal from Adair District Court.*—HON. JAS. D. GAMBLE,
Judge.

THURSDAY, MARCH 10, 1904.

SUIT in equity for the rescission of a land contract. The
defendants are the widow and son of Jonathan J. Morris,
who by his will gave the former a life estate in the property
left by him, and provided for the latter as follows: "Upon
the death of the said Sarah M. Morris, I hereby give, devise
and bequeath all the remainder of my said estate in what-
ever it may consist to my son Jonathan Marion Morris.

Should my son, Jonathan Marion Morris decease leaving issue, prior to the distribution of my said property as herein provided, then it is my will and I hereby direct that the issue of such deceased son shall receive the share of its father; should my son Jonathan Marion Morris decease prior to such distribution leaving no issue, then it is my will that the interests of such deceased son shall descend to his heirs as the law may provide." Jonathan J. Morris died the owner of the southeast quarter of the southeast quarter of section 7 in township 77, range 30, in Adair county, Iowa, and, after his will had been duly probated, the parties to this suit executed a written contract whereby the defendants undertook to convey to the plaintiff the land in question, and agreed to give him "a good and sufficient warranty deed and furnish an abstract showing a good and perfect title of record" in them. The defendants tendered performance of the contract, but the plaintiff refused to accept the deed, and began this suit; alleging in his petition that the defendant Jonathan Marion Morris had nothing more than a contingent interest in the land, and that the defendants could not, therefore, convey a perfect title thereto. There was a demurrer to the petition which was sustained, and the plaintiff electing to stand thereon judgment was rendered for the defendants. The plaintiff appeals.— *Affirmed.*

*O. C. Meredith* and *Frank B. Wilson* for appellant.

*J. W. Morris* and *Hojer & Patrick* for appellees.

SHERWIN, J.—The vital question argued is whether the remainder devised to Jonathan M. Morris by the clause of the will under consideration was vested or contingent. If vested it is practically conceded by the appellant that a conveyance of the life estate and the remainder would pass to the grantee an absolute estate. The appellant also concedes that the first sentence of the clause, considered alone, would vest the remainder in the son immediately upon the death of his father, but contends that the subsequent language of the clause created a contingent remainder. "The true criterion

of a vested remainder is the existence in an ascertained person of a present fixed right of future enjoyment of the estate, limited in remainder, which right will take effect in possession immediately on the determination of the precedent estate, irrespective of any collateral event, provided the estate in remainder does not determine before the precedent estate." 24 Am. & Eng. Enc. of Law (2d Ed.) 389. Mr. Washburn, in his work on Real Property, says: "The broad distinction between vested and contingent remainders is this: In the first, there is some person *in esse*, known and ascertained, who, by the will or deed creating the estate, is to take and enjoy the estate upon the expiration of the existing particular estate, and whose right to such remainder no contingency can defeat. In the second, it depends upon the happening of a contingent event whether the estate limited as a remainder shall ever take effect at all. The event may either happen, or it may not happen until after the particular estate upon which it depended shall have determined, so that the estate in remainder will never take effect." A vested remainder is one "when there is an immediate right of present enjoyment, or a fixed right of future enjoyment." 4 Kent's Commentaries 194. "That a remainder cannot be vested unless there be some certain person or persons in being in whom it can be regarded as vested is a proposition as to which, upon principle, it would seem that there could be little doubt, and that such is the law is recognized by the most authoritative writers and by numerous decisions." 1 Tiffany's Modern Law of Real Property 120. Applying these definitions to the language of the will, the conclusion is irresistible that the remainder vested in Jonathan M. Morris immediately upon the death of the testator. An estate for life was given by the will to the widow, Sarah M. Morris. The remainder, after the termination of the intermediate estate, was devised to the son, who was then "*in esse*, known and ascertained;" and who, upon the expiration of the life estate of the widow at any time, was entitled to the immediate possession, "and whose right to such remainder no contingency could defeat."

The language of the will clearly expresses the intention that the devise was of a present, fixed estate, the possession and enjoyment of which only were postponed until after the termination of the widow's life estate. That her estate would terminate, in any event, upon her death, was absolutely certain; and, the event of her death being certain, the right of enjoyment by a person then in being immediately upon the termination of her estate, was fully established, and the time of such enjoyment was alone postponed. 2 Underhill on the Law of Wills, section 860; *Woodman v. Woodman,* 89 Me. 128 (35 Atl. Rep. 1037); *Kennard v. Kennard,* 63 N. H. 303; *Tindall v. Miller,* 143 Ind. Sup. 337 (41 N. E. Rep. 535); *Boling v. Miller,* 133 Ind. Sup. 602 (33 N. E. Rep. 354); *McCarty v. Fish,* 87 Mich. 48 (49 N. W. Rep. 513); *Starnes v. Hill,* 112 N. C. 1 (16 S. E. Rep. 1011, 22 L. R. A. 598).

Nor was it necessary to the vesting of the remainder that Jonathan M. Morris survive his mother. "It is the present, fixed right of future enjoyment whenever the possession becomes vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determined, that distinguishes a vested from a contingent remainder. When the event on which the pending estate is limited must happen, and when, also, it may happen before the expiration of the estate limited in remainder, the remainder is vested." *Kennard v. Kennard, supra;* 4 Kent, 202, 203; 2 Washburn Real Property 228. It is therefore apparent that the remainder vested notwithstanding the language of the will, which, it is argued, created a contingent remainder. There is nothing in the language itself manifesting an intention to postpone the gift, and it is the general rule that a "limitation will never be construed as creating a contingent remainder if it can possibly be construed as creating a vested one." Tiffany on Real Property section 121; 2 Underhill, section 861. The latter author says, under the rule "by which a modern will speaks as of the date of the death of the testator, every gift to a person who is alive at

that date vests at once, in the absence of an expression of an intention that the vesting shall be postponed. It will be presumed, when the testator does not expressly or by implication indicate that the vesting of the title to his bounty is to be postponed, that he means it to vest at once upon his death." The proviso that the property go to the issue or to the heirs of Jonathan M. Morris, if he should die prior to the distribution of the estate, is practically the same as a devise to him and to his heirs, and falls clearly within the rule of vested remainders. "The simplest example of a vested remainder is a devise to A. for his life, and after or at his death the fee to go to B. and his heirs, and A. and B. are both living at the death of the testator." 2 Underhill, section 860; *Perrine v. Newell,* 49 N. J. Eq. 57 (23 Atl. Rep. 492). There was no possibility of divesting the estate of Jonathan M. Morris by the happening of a future contingency, because the estate was to go to his heirs upon his death. He could have no heirs until he died, and the will merely provided for the statutory disposition of the property. We think the will vested an absolute title in him, subject only to the life estate of Sarah M. Morris, and that a conveyance of both estates will convey an absolute title to the grantee.

The judgment is therefore AFFIRMED.