No. 20,754.

THOMAS B. HAMMOND and ROBERT C. HAMMOND, *Appellants,* v. R. H. MARTIN, *Appellee,* et al.

SYLLABUS BY THE COURT.

WILL—*Life Interest to Wife—Remainder to Children—Construction of Will.* Where a will devises a life interest to the testator's wife, with a remainder in equal shares to their five children, a provision that, if any of the children should die before the inheritance passed to them, the issue, if any, of such deceased child should take his share, even if construed to relate to the situation arising from the death of a child after that of the testator and before that of the mother, does not prevent the spouse of a deceased child, who died after the father and before the mother, from inheriting the share of such child.

Appeal from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed April 7, 1917. Affirmed.

*J. Graham Campbell* and *Ray Campbell,* both of Wichita, for the appellants.

*J. J. Baker,* and *A. L. Perry,* both of Troy, for the appellee.

The opinion of the court was delivered by

MASON, J.: W. G. Hammond died leaving a will purporting to devise a life interest in property to his wife, with a remainder to their five children, a provision being added that if any of them should die "before the inheritance passes to them" the child or children of such deceased child should take his share. One of the testator's children, Lura Hammond, died without issue and interstate after his death, and before that of his widow. In an action for the partition of a part of the property devised the trial court decided that a fifth interest, being the share of such deceased child, belonged to her hus-

band. From this ruling the other children of the testator appeal.

The exact language of the will, so far as it bears upon the question involved, is as follows:

"I also give devise and bequeath to my said wife, all the balance of my real estate including said sixty acres herein described and all the balance of my personal property for and during her natural life and widowhood, with remainder to our children, Thomas B., Robert C., Mattie, James, and Lura, share and share alike; and if any of said children should die before the inheritance passes to them I desire the child or children of said deceased, if any, shall take the share of such deceased parent. It is my express wish that none of the lands I have granted or devised to my wife shall be sold or incumbered by mortgage, during her lifetime but kept as an inheritance for the benefit of our children after we have both passed away."

If the will is construed according to the technical meaning of the terms employed, although the right of the children to the possession and enjoyment of the property was withheld during the life of their mother, the fee vested in them at the death of their father, and the expression "before the inheritance passes to them" relates to the time the testator died. Under this construction, as all the children survived their father, each at the time of his death took a one-fifth interest, subject to the life estate, and the share of Lura Hammond was inherited by her husband. But the appellants contend that the intent of the testator should control, and that in using the phrase "before the inheritance passes to them" he had in mind the time the children would come into the enjoyment of the property, rather than the time at which the legal title would vest in them—that he was thinking of conditions as they should exist when the mother died, rather than at the time of his own death. If it be assumed that this contention is sound we conclude that the judgment of the district court must still be upheld.

Assuming that by the phrase "before the inheritance passes to them" the testator meant the same as though he had said "before the children shall become entitled to the possession of the property," that is, before the death of the mother, the will made express provision that the share of a child who died before the mother, leaving issue, should go to such issue, but omitted to say in so many words what should become of the

share of a child who died at that time. without issue. The disposition intended in that event is a matter of interpretation. The appellee maintains that as no other course was specifically indicated, the title should go to the heirs or assigns of the dead child—in this instance to her husband. The appellants contend that the title should go to the other children. The appellee's theory (in this aspect of the case) is that the will devised a fifth interest to each child, subject to a life interest in the mother, and to a restriction that if any child died before the mother, leaving issue, the whole of the fee should pass to such issue, a condition which it was competent for the testator to create (40 Cyc. 1593, 1683) ; in other words, that one-fifth of the remainder, or fee, vested in each child upon the death of the father, subject to being devested only by the death of such child before that of the mother, leaving issue. The appellants' theory is that if the fee vested in the children at the time of the father's death it was subject to devestment as to any child by its death, with or without issue, before that of the mother; that the purpose of the testator was that when the mother died the property should pass to the children who were then alive and to the lineal descendants of any who were dead.

The circumstance that the testator named the children· tends to show that he had in mind the devise of a fifth interest to each rather than of the entire property to a class. (40 Cyc. 1474, 1507.) The wish expressed in the concluding sentence of the quoted portion of the will, with regard to the property being kept as an inheritance for the children, after the death of both parents, seems to have been suggested by an apprehension that the principal of the fund might be impaired, rather than that one of the children might dispose of its share by sale or will, or by remaining intestate suffer it to pass to a surviving husband or wife. The decision, of course, must turn upon the construction of the particular language used, and the interpretation given to phraseology of the same general import is not controlling. In some of the cases relied upon by the appellants the wills involved contained provisions quite similar to those of the will under consideration, but all doubts as to the meaning intended were put at rest by specific clauses to the effect that if any of the children should die without issue, prior to the death of their mother,

its share should be divided among those then living. (*Bullock v. Wiltberger*, 92 Kan. 900, 142 Pac. 950; *Lachenmyer v. Gehlbach*, 266 Ill. 11. See, also, *Almand v. Almand*, 141 Ga. 372.) In *Marsh v. Consumers' Park Brewing Co.*, 143 N. Y. Supp. 359, language is used sustaining the view of the appellants, but no question was there involved or discussed as to the effect of the death of a child without issue. The point determined was that the children of a deceased child were entitled to the share it would have received had it survived the mother. In *Flanagan v. Staples*, 51 N. Y. Supp. 10, the controversy was between the legatee and heir of a deceased child. The decision in *Bowen v. Hackney*, 136 N. Car. 187, tends to sustain the appellants' position, but the language of the will there construed differed materially from that now under consideration. On the other hand, the interpretation contended for by the appellee finds support in *Cox v. Handy*, 78 Md. 108, and the cases there cited; however, in the argument there presented, perhaps more stress is laid upon the technical aspect of the matter than conformity to modern practice would suggest. As already indicated, we are of the opinion that the trial court correctly held that the surviving husband of Lura Hammond was entitled to the share of the property which she would have received if she had outlived her mother.

Complaint is made that the allowance made to the appellants' attorneys did not cover some items of expense. The abstract, however, does not present the evidence upon which the claim was based, and while the amount allowed is described as attorneys' fees, it may have been intended to cover expenses.

The judgment is affirmed.