No. 34,786

FLORENCE FARIS, *Appellee*, v. JACOB NICKEL, JR., ANNA NICKEL, ANNA M. BAIRD, HARRY BAIRD, AUGUST NICKEL, ADAM NICKEL, LUCY NICKEL, FRED NICKEL, BERTHA NICKEL, and J. J. NICKEL, *Appellants* (JOHN NICKEL et al., Defendants).

(107 P. 2d 721)

Opinion field December 7, 1940.

*Stuart T. McAlister* and *W. W. Brown,* both of Parsons, for the appellants.

*Carl V. Rice, Harry Miller, Jr., William S. Hyatt, Jr.,* all of Kansas City, *Hal Hyler,* of Oswego, and *John T. Pearson,* of Parsons, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: The testator, Jacob Nickel, died January 5, 1912, seized and possessed of the real estate for which partition is asked by the plaintiff herein. His will provided:

"SECOND: I give, devise and bequeath all of my estate, of every kind and nature whatsoever, to my wife, Katrina Nickel, to have and to hold for and during the term of her natural life, with remainder at her death to my children, in fee simple, forever, the descendants of any deceased child or children to take the parents' share."

The testator was survived by his widow, Katrina Nickel, and nine children. Frank Nickel, one of the nine children, died intestate on December 12, 1918, leaving no children or descendants, but leaving as his sole heir his widow, Florence Nickel. Florence Nickel (now Florence Faris) is the plaintiff in this action.

Katrina Nickel, widow of the testator, Jacob Nickel, died on August 4, 1932. The defendants are the children and descendants of deceased children of Jacob Nickel.

Plaintiff contends that the remainder of the children of the testator was indefeasibly vested. As the sole heir of her deceased husband she claims to be the owner of an undivided one-ninth interest in the real estate devised to the children, and asks for partition.

Defendants contend that before a child of the testator could take a vested interest in the property, such child must survive the life tenant; that the gift to the children was a class gift, that if any child survived the life tenant, such survivor would acquire a fee simple interest, but, that "his living beyond the time of distribution was a necessary condition precedent to his taking title." It is contended that "by limiting the devise to the children of his children, the testator excluded the general heirs of any children who might die childless pending the termination of the life estate," and therefore the children who survived the life tenant would take the entire title.

A remainder may be indefeasibly vested, as where land is devised to B for life, remainder to C and his heirs. C has a remainder indefeasibly vested. Plaintiff contends the remainder to the children of the testator belongs to this class of remainders.

A remainder may be vested subject to open, as where land is devised to B for life, remainder to the children of B. If at the death of the testator B has a child C, the remainder is vested in C subject to open and let in other children born to B. In the case before us the remainder is to the children of the testator. As no other children can be born, obviously the remainder does not belong to this species.

A remainder may be vested subject to complete defeasance, as where the life tenant has a power to appoint. Upon exercise of the power the remainder is defeated. Also, if land be devised to B for life, remainder to C and his heirs, but if C dies before B, then to D and his heirs, the remainder in C is subject to complete defeasance upon the happening of the stated event. (*Baley v. Strahan*, 314 Ill. 213, 145 N. E. 359.) In the case before us if a child of the testator died before the life tenant, leaving children, was the interest of such child divested in favor of such children?

A remainder may be subject to a condition precedent, as where land is devised to B for life, remainder to such of B's children as may be alive at his death.

(The above classification of remainders follows Restatement, Property, § 157.)

In *Gray on Perpetuities*, 3d ed., § 108 (3), it is stated:

". . . Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is incorporated into the description of, or into the gift to the remainderman, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested. Thus on a devise to A for life, remainder to his children, but if any child dies in the lifetime of A his share to go to those who survive, the share of each child is vested, subject to be divested by its death. But on a devise to A for life, remainder to such of his children as survive him, the remainder is contingent."

A preliminary question is presented.

In the answer of defendants it was alleged that the will was executed by the testator in the state of Illinois; was drafted by a practicing lawyer of that state, and that the will is to be construed according to the law of that jurisdiction. On this point defendants rely on *Keith v. Eaton*, 58 Kan. 732, 51 Pac. 271. But assuming the testator was domiciled in Illinois (which this record does not show), and assuming under the later decisions of this court (*Larned v. Larned*, 98 Kan. 328, 158 Pac. 3; *Hanson v. Hoffman*, 150 Kan. 121, 91 P. 2d 31) that the doctrine of *Keith v. Eaton* is applicable to the present situation, we will examine the cases relied upon by defendants.

Our attention is first directed to *Burlet v. Burlet*, 246 Ill. 563, 92 N. E. 965, where the testatrix, after giving a life estate to her husband, gave the remainder in fee to her children "or the survivor or survivors of them, and their heirs."

In *Ridgeway et al. v. Underwood et al.*, 67 Ill. 419, the testator, after a life estate to his wife, gave the remainder to his seven youngest children (naming them) and "if one or more of said seven children should die before inheriting his, her or their inheritance, to be divided equally amongst the remainder of the seven."

*Blatchford et al. v. Newberry et al.*, 99 Ill. 11, and *Jones v. Miller*, 283 Ill. 348, 119 N. E. 324, are also urged as stating the applicable Illinois rule.

In these cases the requirement of survivorship was express, and survivorship was held to be a condition precedent to the vesting of the interest of any remainderman.

Section 250, Restatement of Property, reads:

"ADDED WORD, PHRASE OR CLAUSE REQUIRING SURVIVAL. In a limitation purporting to create a remainder or an executory interest, a description of the intended takers:

"(a) as persons (1) 'who survive' to a future time; or (2) who are 'living' at the end of a prior interest or other period of time; or (b) by language having the same import as one of the expressions described in Clause (a) tends to establish as to the purported interest of each intended taker; (c) that a requirement of survival exists; and (d) that such survival is a condition precedent of such interest."

See *Purl v. Purl*, 108 Kan. 673, 197 Pac. 185, where a testator devised land to his son for life, remainder to his children "if he has any living; if not" to others. The remainder was held to be contingent.

Where there is an express provision of survivorship, but the time of survivorship is not specified, a question of construction arises. Suppose land is devised "to B for life, remainder to his surviving children." If "surviving" refers to the death of the testator, the remainder to the children is indefeasibly vested. (This was the situation in *Shehi v. Williamson*, 122 Kan. 118, 250 Pac. 1075.) But, as stated in the annotation, "Survivorship — to What Time Referable," 114 A. L. R. 54, in the greater number of American jurisdictions the presumption is that the words of survivorship refer to the period of distribution of the estate in remainder. It was so held in *Purl v. Purl*, supra. The Shehi case did not purport to qualify the rule in the Purl case, and must rest on the particular language of the will.

We may agree with the contention of learned counsel for defendants that the Illinois cases above mentioned, and other cases of the same type, hold that survivorship of the life tenant is a condition precedent to the vesting of the remainder, and that the same rule is in effect in Kansas. It does not follow, however, that in the will now before us the remainder to the children is contingent. We are not dealing with a limitation where there is an express provision of survivorship. If survivorship is to be read into the will, it is implied, not express. The fallacy in defendants' argument is in the assumption that the will under consideration belongs to the same species as the cases cited and relied upon. With deference to counsel, we do not think the cases are in point.

We now examine the cases which we think state the applicable principles.

In *Knight v. Pottgieser*, 176 Ill. 368, 52 N. E. 934, the testator devised land to his wife for life "and upon and at her death the same to go to and be divided amongst my children and their descendants, in equal shares, the descendant or descendants of a deceased child to take the parent's share in equal proportions."

The testator left surviving him his widow, a son and three daughters. The son died intestate during the lifetime of his mother, leaving a widow, but did not leave a child, children nor descendants of a child. The widow of the son brought an action in partition.

The court held the remainder in the son was indefeasibly vested, hence upon his death his interest passed to his widow.

The same arguments now pressed upon us were urged upon the Illinois supreme court. It was there stated:

"The will provides that upon the termination of the life estate the premises shall 'go to and be divided among' the children of the testator and their descendants. It is urged the word 'descendants' means only those persons who have proceeded in some degree from the body of a child of the testator, and that the selection and use of that word unmistakably indicate that it was the intention and purpose of the testator to exclude from the devise those who, though heirs-at-law of any deceased child, were not the direct or remote issue of such child. If this be conceded, we do not perceive it discloses that it was the purpose of the testator that those whom he intended to receive his bounty should not be determined during the lifetime of the widow. It is but his declaration as to the class of persons who should take—not as to the time when the investiture should occur. His desire thereby indicated is well fulfilled by our construction of the will, i. e., that his children, at and upon his death, became seized of the estate in remainder in fee." (p. 375.)

In *Gibbens v. Gibbens*, 140 Mass. 102, 3 N. E. 1, the court was called upon to construe a clause in a will which read: "At the decease of my wife, all my estate, real and personal, shall go to and be equally divided among my children, the issue of a deceased child standing in the place of a parent."

The testator left a widow and nine children. One child, Harriet, died before the widow, testate. It was contended that the interest of Harriet was contingent upon her surviving the widow. In holding the interest of the deceased child, Harriet, was indefeasibly vested, the court said:

"An argument in favor of contingency is drawn from the use of the words, 'The issue of a deceased child standing in the place of the parent.' It is urged that such issue, if there were any, would take at all events; that the parent could not have disposed of his or her share, to their exclusion; and that, therefore, the interest of the parent was not an absolute vested one. It is contended, on the other hand, that the interest of Harriet was a vested remainder, subject only to be divested by her death in the lifetime of her mother, leaving issue. It is true that there may be such a thing as a vested interest which is determinable upon the happening of a contingency. (*Blanchard v. Blanchard, ubi supra.*) But in the present case we do not find it necessary to consider whether Harriet's interest was liable to be divested by the birth and

survivorship of issue, or not. It is quite as natural and probable to infer that the words above quoted were used for the purpose of showing clearly that the testator did not intend the devise to lapse, in the case of the death of one of his children, leaving issue. . . ." (p. 105.)

See, also, *Callison v. Morris*, 123 Iowa 297, 98 N. W. 780; *Redman v. Hubbard*, 140 Ky. 71, 130 S. W. 955, 37 L. R. A., n. s., 728.

These cases seem to proceed upon the theory that a direction that the children of deceased remainderman shall take their parents' share are mere words of limitation denoting the inheritable quality of the estate. (2 Simes, Future Interests, § 395; Annotation 109 A. L. R. 8.)

In some cases a remainder to the children has been held to be vested, without determining whether it was liable to be divested in favor of the children or descendants of a child dying before the life tenant.

In *Chew's Appeal*, 37 Pa. St. 23, the testator gave a life estate to his brother, with remainder to the children of his brother and "should any of the children of my brother be deceased, leaving children, their children so left shall stand in the place of, and represent their parents."

Samuel, one of the children, died before the life tenant. In holding the remainder in the children was vested, the court said:

". . . It matters not whether the gift vested in Samuel Chew indefeasibly, or subject to being divested on the happening of a subsequent contingency. If the latter, the condition on which it was to be defeated, has not taken place. He did not die leaving children, and in order to divest a vested estate, the contingency upon which its existence is made to terminate, must have completely happened." (p. 29.)

Many authorities, in dealing with limitations of the type under consideration, hold the remainder to the children vested, and if any child should die before the life tenant, leaving children, to be divested in favor of such children; but that it would not be divested by the death of a child before the life tenant without leaving children.

In *Cox v. Handy*, 78 Md. 108, 27 Atl. 227, the syllabus reads:

"A testator devised certain property to his wife for life, and directed that after her death it should be divided amongst his children, share and share alike, the child or children of any deceased child to take the portion to which the parent, if living, would have been entitled. Held:

"That a share of the property vested in each of the children of the testator who survived him, but, if any such child should leave children at his death,

his share was divested in favor of such children, but it was not divested by the death of the child in the lifetime of the tenant for life without leaving children."

In the opinion of the court it was stated:

". . . In *McArthur v. Scott*, 113 U. S. 381, [5 S. Ct. 652] the supreme court of the United States, considering a direction of the same kind in a will, said its only effect was to divest the share of any deceased legatee leaving issue, and to vest it in such issue. In view of these authorities, we think that we are justified in holding that a share of the property vested in each of the children of Wm. W. Handy who survived him, but if any such child should leave children at his death, his share was divested in favor of his children; and that it was not divested by the death of the child in the lifetime of the tenant for life without leaving children. . . ." (p. 125.)

In *Warrington v. Chester*, 294 Ill. 524, 128 N. E. 549, the limitation in the will was similar to the will in *Knight v. Pottgieser*, 176 Ill. 368, 52 N. E. 934. The court held the remainderman took a vested interest in fee simple with an executory devise in favor of the issue of such child. See, also, annotation in 109 A. L. R. 35, for other cases holding the remainder vested subject to be divested.

In *Hammond v. Martin*, 100 Kan. 285, 164 Pac. 171, the testator devised land to his wife for life with remainder to "our children (naming five children) and if any of said children should die before the inheritance passes to them I desire the child or children of said deceased, if any, shall take the share of such deceased parent." (p. 286.) One of the testator's children, Laura, died intestate and without issue before her mother. It was held that her interest was vested—that her interest passed to her surviving husband.

Defendants attempt to escape the controlling effect of this decision by the fact that the remaindermen were named; that in the case at bar the remainder was to a class, and that where the remainder is to a class the members of the class who survive the period of distribution take the entire property.

The contention is without foundation. As stated above, a gift in remainder to a class may be vested. Under the will the testator gave the property to his wife for life "with remainder at her death to my children," etc. The remainder was to the children of the testator, and nine children survived. No other child could be born. The maximum number of intended takers was irrevocably and unalterably fixed by the facts as they existed at the death of the testator. Obviously, the intended takers were identified with as

much certainty as if they had been mentioned by name. The additional words "in fee simple, forever" would indicate the remainder in the children was vested in fee simple, and would tend to establish the absence of a condition precedent of survival.

Conditions may be precedent or subsequent. If precedent, the remainder will not arise until the happening of the event. If subsequent, the vested remainder will be divested.

As the law favors vested interests, the courts will, if consistent with the intention of the testator, hold a remainder vested rather than subject to a condition precedent. If vested, it will only be divested upon the event stated. Here the remainder to the children was vested. There was no provision that the surviving children should take if any child died before the life tenant without children. Survivorship was neither express nor implied. If a child died before the life tenant, leaving children, the children were to take the share of such child—the interest was to be divested in their favor. As that event did not happen, the share of Frank Nickel was not divested. (See Restatement, Property, § 254.) He was the owner of an undivided one-ninth interest in fee simple at the time of his death. The plaintiff as his sole statutory heir became the owner of the property and is entitled to partition.

The judgment is affirmed.