No. 36,522

LILLIE BENNETT EPPERSON, *Appellant*, v. BELLE KESSLER BENNETT, a Widow, JOHNIE W. BENNETT and ALICE IRENE JARRED WEST, *Appellees*.

(167 P. 2d 606)

Opinion filed April 6, 1946.

*Harvey E. Hartz,* of Kansas City, Mo., argued the cause, and *F. M. Ball,* of Mound City, was on the briefs for the appellant.

*W. W. Edeburn,* of La Cygne, was on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This was an action for a declaratory judgment, specifically authorized by G. S. 1935, 60-3127 *et seq*, to determine an actual controversy involving the interpretation of a deed. The defendants prevailed and the plaintiff appeals.

In 1928, Isaac Bennett and his wife being the owners of a quarter section of land decided to convey it to their two children—a daughter, Lillie Bennett Epperson, the plaintiff herein, and a son, John Bell Bennett. Voluntarily and without consideration other than love and affection, notwithstanding each instrument recited a stated consideration, they simultaneously executed and delivered two deeds which, so far as interests conveyed to the grantees, were identical in terms. Under one the north eighty, subject to certain restrictions as to title, went to the daughter and under the other the south eighty, subject to like restrictions, went to the son.

Provisions of the deed involved in this appeal requiring judicial construction follow:

"Said parties of the first part [the grantors above mentioned], . . . do by these presents, grant, bargain and sell and convey and confirm unto said party of the second part [the plaintiff], her heirs and assigns, the following described lots, tracts or parcels of land [description follows].

"*It is part of consideration of this deed that Lillie Bennett Epperson cannot sell this property during her life time and at her death is to be divided equally among her children.*

"To have and to hold . . . unto her heirs and assigns forever." (Italics supplied.)

In 1928, when the deed was executed and delivered the plaintiff was about fifty-two years of age. She was married and living with her in her home were her husband and two daughters, Lethia, then thirty-six years of age, and Pauline, who was twenty-one years old. These girls were then and are now her only issue and she has no adopted children. Pauline died in 1931 and Lethia in 1936. Each died intestate and single. Neither had ever been married nor had issue. Mrs. Epperson's husband died intestate in 1942 and on the date of the filing of the present action she was a widow, she had no living descendants, and her father, mother and only brother were all deceased.

John Bell Bennett, the plaintiff's brother, died in 1944. Surviving him he left the defendants, Belle Kessler Bennett, his widow, Johnie W. Bennett, his son, and Alice Irene Jarred West, the only child of a predeceased daughter.

With the foregoing statement of the facts, none of which are in dispute, we can now look to the issues involved. In doing so it will not be necessary to detail the pleadings. Briefly, the plaintiff's petition is based upon two propositions. One is that the restriction upon alienation appearing in the italicized portion of the deed heretofore set forth is void and that she took the fee title to the land described therein. The other is that, even if it be held that the terms of such instrument limited her to a life estate only, the fee nevertheless vested in her two children living at the time of the execution and delivery of the deed, and that as the sole and only heir at law of those deceased children she now has full legal title to such real estate. On the other hand, the defendants claim the fee title does not vest in anyone until the death of the life tenant and that the question of who are to take it as remaindermen must remain undetermined until the happening of that event.

At the conclusion of a trial on the issues judgment was rendered by the court holding the defendants had no vested interest in the real estate in question and decreeing title thereto was vested for life in the plaintiff, that the fee was a contingent remainder to be vested in her children at her death, and that in the event of failure of living issue such remainder would go to her heirs at law.

We have little difficulty in disposing of appellant's first contention. Notwithstanding the claim of her petition that the restriction upon alienation as contained in the deed was void and that under its terms she took the fee title to the land described therein and, her specification of error that the trial court erred in holding she took a life estate only, she now states her contention to be as follows:

"Plaintiff in the case at bar contends that under the deed in question she received a life estate and that the remainder in said real estate vested absolute at the time said deed was executed and delivered in her two children, Lethia D. Epperson and Pauline Epperson, who were then living and that on said children predeceasing her in death and dying intestate, single and without issue, their father being also deceased, plaintiff, as their sole heir-at-law, is the owner of the remainder in the fee, which said children received under said deed and that plaintiff is now the owner of the full fee simple title to said real estate. . . ."

The established rule in this jurisdiction is that specifications of error, including issues raised by the pleadings if properly assigned as error, are regarded as abandoned and will not be considered on appellate review when they are neither briefed nor argued (*Hen-*

derson v. Deckert, 160 Kan. 386, 391, 162 P. 2d 88, and cases there cited). We might therefore with propriety refuse to give further consideration to appellant's first contention. However, in passing, we pause to state we regard our decision in *Bennett v. Humphreys,* 159 Kan. 416, 155 P. 2d 431, where we were called upon to construe a similar deed and held identical language to grant a life estate only to her brother, John Bell Bennett, as decisive of appellant's contention she acquired any greater interest in the land described in the instrument herein involved.

Appellant's second, and as has been heretofore indicated what is now her only contention, presents several difficult and perplexing questions, but before proceeding with their determination it should perhaps be stated that incident to the construction of a deed, such as is here involved, there are always certain fundamental principles of general application which must be kept in mind.

One of the most important of these is that the law favors the vesting of estates and that instruments transferring an interest in real estate, whether by will or deed, will be construed as creating a vested estate, unless a different intent is expressed or clearly implied from the terms of the instrument itself. (*Votapka v. Votapka,* 136 Kan. 224, 226, 14 P. 2d 732.) Other decisions to the same effect are *Caple v. Warburton,* 125 Kan. 290, 264 Pac. 47; *Cramer v. Browne,* 159 Kan. 423, 428, 155 P. 2d 468 and numerous decisions there cited.

Note also sections of our statute G. S. 1935, 67-202, pertaining to conveyances, and G. S. 1943 Supp. 59-614, with respect to wills, providing that instruments designed to convey or transfer real estate pass all the title of the grantor therein unless the contrary clearly appears.

Another, of almost equal importance, is that deeds as well as wills should be construed in accord with the intent and purpose of the grantor and that such intention may be gathered from an examination of the instrument as a whole. (*Bennett v. Humphreys,* supra, p. 419, and decisions there listed.)

The general rules governing construction of deeds as well as wills, to which we have just referred, are universally recognized by the courts. It is only when it comes to application of such principles to the facts of a particular case that pronounced lack of unanimity appears.

In the great wilderness of cases dealing with the subject of re-

mainders much has been said and held that can be cited as supporting a contention that a remainder is either vested or contingent, and no court can claim the distinction of having adopted a policy resulting in decisions which are entirely free from controversial contentions as to their meaning when applied to a factual situation different from, and in some instances quite similar to, those existing in cases already decided. We frankly concede this court is no exception. To illustrate, it must be conceded, it is difficult to harmonize our decision in *Bunting v. Speek*, 41 Kan. 424, 21 Pac. 288, holding that a devise to a wife for life with remainder to the legal heirs of a testator, created a vested remainder in fee, with our decisions in *Miller v. Miller*, 91 Kan. 1, 136 Pac. 953, where a grantor had executed a conveyance to his son for life, remainder in fee to the heirs of the son's body, and *McCartney v. Robbins*, 114 Kan. 141, 217 Pac. 311, where a will devised land for life with remainder to the life tenant's heirs, each holding the remainders so created were contingent. Likewise, and equally hard to reconcile is our case of *Walker v. Row*, 132 Kan. 564, 296 Pac. 699, deciding that the words "at her death to be equally divided between her children" resulted in a contingent remainder only, and *McLean v. Stanley*, 134 Kan. 234, 5 P. 2d 839, decreeing the language "at her death to her children in fee" gave the remaindermen a vested estate. Many other cases possessing seemingly irreconcilable differences, in both this and other jurisdictions, could be pointed out but we do not propose to take the time required to catalogue them. Nor do we intend to attempt to here write a thesis upon the interesting subject of estates in remainder. Much can be found with respect to each subject in the cases to which we have heretofore and will hereinafter refer, and more can be read in numerous treatises, textbooks, and other legal authorities, to all of which those interested in intensive study have ready reference. Our purpose is to decide this appeal upon the particular facts applicable to the situation with which we are confronted in the light of our more recent opinions which, in our opinion, are determinative of its decision.

Reverting now to the specific, vital and complex questions raised by the contentions advanced by respective parties, we shall discuss them in chronological order.

Necessarily the first question is: What was the interest conveyed to the remaindermen under the deed from Isaac Bennett and his wife? Whatever apparent inconsistencies may be disclosed by our

early cases it must be conceded that since our decision in *McLean v. Stanley*, 134 Kan. 234, 5 P. 2d 839, language such as is found in the present instrument, conveying an interest in real property to a class, has been uniformly construed as creating a present vested interest in remaindermen. In the case just cited it was held:

"Where by the provisions of a will an interest passes in fee to a certain and definite person in being or the only one of a prescribed class, as children of a certain person, the taking of the estate at the death of a life tenant generally and naturally has reference to a postponement of the enjoyment rather than a postponement of the vesting of the estate." (Syl. ¶ 2.)

And said:

"Applying these definitions to the language used in the will here under consideration as concerns the daughter Alvina and her daughter, this granddaughter living at the time of the death of the testator would take at once if the two life tenants were to die. A present interest passed in fee to a certain definite person, the granddaughter of the testator, but to be enjoyed in the future after the death of the two life tenants. The postponement prescribed by the terms of the will had reference to the enjoyment rather than the vesting of the estate. This estate of the granddaughter is neither limited to a dubious or uncertain person nor upon the happening of a dubious and uncertain event. The plain and unambiguous language of the will gives the life estate to the wife and at her death the real estate shall pass to and become the property of persons hereinafter named, one of whom was his daughter Alvina, and to her for her natural life 'and at her death to her children in fee'. . . .

"The possibility of Alvina having other children than this one does not disturb nor prevent the vesting of a present interest in remainder in this granddaughter of the testator at his death, under the rule where a class, as children, is named in the will. (23 R.C.L. 533.)

"We conclude that under the provisions of the will in this case a vested remainder was created in Alvina's daughter at the death of the testator and not a contingent remainder, and therefore her interest passed upon her death intestate to her father and upon his death intestate to his second wife, the defendant, Gertrude Stanley." (p. 239.)

To the same effect is *Faris v. Nickel*, 152 Kan. 652, 107 P. 2d 721, where it was held:

"A testator by his will provided: 'Second: I give, devise and bequeath all of my estate, of every kind and nature whatsoever, to my wife, Katrina Nickel, to have and to hold for and during the term of her natural life, with remainder at her death to my children, in fee simple, forever, the descendants of any deceased child or children to take the parents' share.' At the death of the testator he was survived by his widow and nine children. One son died before the death of the life tenant without children, but was survived by his widow. Held, the remainder to the children was vested and

as the son died without children his interest passed to his widow as his statutory heir, and that she may maintain partition for her share of the estate." (Syl.)

And said:

"A remainder may be vested subject to open, as where land is devised to B for life, remainder to the children of B. If at the death of the testator B has a child C, the remainder is vested in C subject to open and let in other children born to B. In the case before us the remainder is to the children of the testator. As no other children can be born, obviously the remainder does not belong to this species." (p. 653.)

In the still more recent case of *Ward v. Ward,* 153 Kan. 222, 109 P. 2d 68, a testator had devised land to his wife for life, remainder to son for life, and upon the death of the son to his children (grandchildren of the testator) equally. At the death of the testator the son had four minor children. The case turns upon the question of whether the land so conveyed was subject to partition, the widow (the testator's wife) having elected to take under the law but, nevertheless, the identical question was involved and, the rule applied and reaffirmed when, in the opinion, it was said:

"The life estate devised to the widow having failed in its inception, the life estate in the son was accelerated and became a possessory estate. It also follows that the remainder to the grandchildren will become an estate in possession upon the death of the son who holds the preceding life estate. The grandchildren named as remaindermen are the children of the life tenant, Homer Orville Ward. At the time of the death of the testator, four children had been born. The remainder was vested in these four children subject to open and let in other children born to the life tenant. . ." (p. 224.)

Other decisions recognizing the principle, containing excellent discussions as to reasons for its pronouncement, and citing many authorities are *Anderson v. Wise,* 144 Kan. 612, 62 P. 2d 825 and *Buxton v. Noble,* 146 Kan. 671, 73 P. 2d 43.

Of particular significance since it refers to language identical to that in question is the following statement to be found on page 675 of the opinion of the last cited decision:

". . . The words 'And on the death of my sister, the said Cora Helen Noble,' relate only to the time of actual enjoyment. Only the time of enjoyment is postponed thereby. This clearly has been the interpretation placed upon wills in which very similar language was employed . . ." (p. 675.)

We are fully aware the foregoing decisions deal with questions pertaining to the interpretation of wills but that fact does not impair their importance as decisive precedents since, as we have seen,

there is no material distinction to be drawn between the fundamental rules governing the construction of wills and deeds.

That our decisions are in accord with the weight of authority is clearly evidenced by the following statement appearing in 33 Am. Jur. 595, § 134:

"A remainder to the children or issue of a life tenant is a remainder to a class, the members to be composed of all 'the children or issue of the life tenant, without regard to the time of the birth of any one child. Accordingly, it is the general rule that if children of the life tenant are in being when the estate in remainder comes into effect, the remainder vests in them as sole representatives of the class in being; but if there are no children of the life tenant in being, the remainder is contingent until a child is born, when the remainder immediately vests in it. In either case the remainder vests subject to open to let in all other children of the life tenant born during the continuance of the life estate. The interest of the remaindermen is subject to a contingency affecting the quantum of their interest, but not the quality of their estate, until the termination of the preceding estate, when the remainder becomes an estate in fee simple absolute. The fact that other children may be born does not prevent the vesting of a present interest in those in being."

See, also, 31 C. J. S. 88-90, 92, §§ 69-73.

So far, then, as the first question is concerned, since we find nothing in the deed which expressly declares or from which can be clearly implied an intention on the part of the grantors to convey a less interest to the remaindermen named therein—the children of plaintiff—we hold, in view of our more recent decisions to which we adhere, that the remainder vested in plaintiff's two living children when such deed was delivered subject to open to let in all other children during the continuance of her life estate. Otherwise stated the fee, subject to the life estate, vested in such children immediately but was partially defeasible as to quantum in the event of subsequent children.

The second question is: What became of the vested interest of Lethia and Pauline when they died single, intestate and without issue? Its answer is to be found in at least two of our own decisions as well as in recognized legal treatises.

See the quoted syllabus of *Faris v. Nickel,* supra, and *Hammond v. Martin,* 100 Kan. 285, 164 Pac. 171, where it was held:

"Where a will devises a life interest to the testator's wife, with a remainder in equal shares to their five children, a provision that if any of the children should die before the inheritance passed to them, the issue, if any, of such deceased child should take his share, even if construed to relate to the situation arising from the death of a child after that of the testator and before that of

the mother, does not prevent the spouse of a deceased child, who died after the father and before the mother, from inheriting the share of such child." (Syl.)

And said:

". . . As already indicated, we are of the opinion that the trial court correctly held that the surviving husband of Lura Hammond [the remainderman] was entitled to the share of the property which she would have received if she had outlived her mother [the life tenant]." (p. 288.)

Also, 26 C. J. S. 1024, § 18, where it is said:

". . . it is now the prevailing rule that the reversion or vested remainder of a person dying intestate passes to his heirs by the same rules as an estate in possession. . ."

Statements of like effect are also to be found in 16 Am. Jur. 796, § 29, and 33 Am. Jur. 614, 618, §§ 149, 152.

In view of the foregoing authorities there can be no doubt but that the vested interest owned by Lethia and Pauline descended under the statute pertaining to intestate succession, subject to defeasance as to its quantum, to their father and mother as their heirs-at-law.

A third and final question remains to be determined. Although not referred to by appellant in her statement as to her position it is raised by the specification of errors, likewise argued in her brief and therefore entitled to consideration. The gist of this claim is the trial court erred in disregarding the rule in Wild's case by holding that subsequent children would take under the deed as remaindermen. This contention is devoid of merit. Briefly, the rule in Wild's case—no longer in force and effect in this state (G. S. 1943 Supp. 58-505) but applicable on the date of the delivery of the instrument—simply provides that in the absence of other provisions disclosing a contrary intent a deed from A to "B and his children" conveys a present estate in the grantees named. Without laboring the question further it will suffice to say that it has no application to a situation where, as here, a deed to an individual contains an additional clause which limits the interest conveyed to him to a life estate with a remainder over to others. For the same reason, *Schlemeyer v. Mellencamp*, 159 Kan. 544, 156 P. 2d 879, cited by appellant as supporting her position, is not in point.

From the conclusions heretofore announced it necessarily follows that the appellant is not now the absolute owner of the full fee simple title to the land described in the instrument on which she bases her claim to the relief sought in her petition. The class to

which the remainder was conveyed has not been closed and will remain open until her death. The deed so provides and this court, notwithstanding the improbability of her having issue, cannot read into it something which is not there. Moreover, there is nothing to prevent her from adopting a child or, for that matter, children. In view of the conditions and circumstances appellant cannot now, nor can she during her lifetime, obtain a judgment declaring her to be the owner of the fee simple title to such real estate.

We have not heretofore directly referred to appellees' position. Obviously, from what has been said, their contention the fee could not vest in anyone until the death of the appellant is contrary to our decision and, their claim the question of who are to take as remaindermen must remain undetermined until her death cannot be sustained in its entirety. The most that can be said for it is that the number of children who can take, and the quantum of their interest, as remaindermen, must remain uncertain up to the time such matters can be definitely ascertained as of the date of appellant's death. Equally obvious is the fact the trial court's ruling appellees have no vested interest in the involved title was entirely correct.

In accordance with the views expressed the judgment of the trial court is affirmed in part and reversed in part.