(593 P.2d 1014)

No. 49,847

NETA JEAN McVEY, *Appellee,* v. EDNA MAE PFINGSTON, *Appellant,* and EDWARD KENNETH DUNN, *Appellee.*

Petition for review denied June 13, 1979.

Opinion filed April 27, 1979.

*C. Robert Bell,* of Brick and Bell, of Wichita, for the appellant.

*Charles E. Watson,* of Wellington, for the appellee Neta Jean McVey.

*Richard N. Raleigh,* of Medicine Lodge, for the appellee Edward Kenneth Dunn.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

FOTH, C.J.: At issue in this case is the meaning of a devise under the will of Nellie C. Baird of a remainder interest in a quarter section of land in Sumner County. On her death in 1941 she devised it for life to Rosella Coates Hall. The will went on to provide that "after her death I give and devise . . . to LENA HALL DUNN AND EDNA HALL, share and share alike, or to the survivor of them," the described real estate.

Rosella, the life tenant, lived until 1973. One remainderman, the defendant Edna Hall (now Pfingston), farmed the land as Rosella's tenant for the twenty-five years just prior to Rosella's

death. The other remainderman, Lena Hall Dunn, died intestate in 1964, leaving as her heirs her husband O. J. Dunn and two children, the plaintiff Neta Jean McVey and the defendant Edward Kenneth Dunn. They thus inherited, respectively, one-half, one-fourth and one-fourth of whatever interest Lena had in the land. In 1966, O. J. Dunn died testate, devising his interest to Edward, who thus attained three-fourths of Lena's interest in the remainder.

Shortly after the death of Rosella, the life tenant, Neta McVey instituted this action against Edna, the remainderman who was in possession, and against Edward, the other purported remainderman. She sought partition of the quarter and ultimately an accounting of the rents and profits from Edna. Edna counterclaimed, seeking to quiet title to the entire quarter in herself.

The district court interpreted the devise to Lena and Edna as creating a vested remainder in them as tenants in common. On the basis of this interpretation, the court declared that the land was owned one-eighth by Neta, three-eighths by Edward, and one-half by Edna. The court ordered a partition of the land and a complete accounting of the farming operations conducted since the life tenant's death. Edna appeals.

She attacks the district court's judgment on three grounds: (1) the present action is an impermissible collateral attack on the final order of the probate court from which no appeal was taken; (2) the devise to Lena and Edna created a joint tenancy; and (3) alternatively, the devise to Lena and Edna created a remainder contingent upon surviving the life tenant. The first two contentions lack merit; the third requires reversal.

1. A final decree in a probate proceeding "shall name the heirs, devisees, and legatees, describe the property, and state the proportion or part thereof to which each is entitled." K.S.A. 59-2249. In *Sharpe v. Sharpe,* 164 Kan. 484, 485, 190 P.2d 344 (1948), our Supreme Court discussed the duty of a probate court under 59-2249:

"A full compliance with the intent of such statute is not made by a probate court when the final decree simply recites the names of the devisees and legatees and that the property shall descend to them 'as in said will provided.' In order for a probate court to follow properly the mandate of such statute, the final decree should set forth with particularity the extent and nature of the title which each legatee or devisee acquires."

The probate court, in its journal entry making a final settlement

of Baird's estate, assigned the property involved here as follows:

"To *Lena Hall Dunn* and *Edna Hall,* or to the survivor of them, Subject to life estate of Rosella Coates Hall as set forth above . . . ."

The probate court failed to perform fully its statutory duty because it did not specify the type of remainder interest devised to Lena and Edna; *i.e.,* it did not determine whether the clause created a contingent remainder, a vested remainder in tenancy in common, or a vested remainder in joint tenancy. Thus, this action is not an impermissible collateral attack on the final judgment of a probate court, but rather an action to specify the extent and nature of the title which Lena and Edna acquired under Baird's will.

2. Since 1939 Kansas has had a statute which reverses the ancient common law rule favoring joint tenancy, and which provides that a grant to two or more persons will be regarded as creating a tenancy in common unless the language used makes it clear that a joint tenancy was intended. The current statute is K.S.A. 58-501. The district court held that the language used in the devise to Lena and Edna ("share and share alike, or to the survivor of them") did not clearly show that a joint tenancy was intended. To this extent we agree with the trial court. The language used closely resembles that considered in *In re Estate of Swingle,* 178 Kan. 529, 289 P.2d 778 (1955). There the testatrix devised a life estate in certain property to her daughter and provided that upon the life tenant's death the remainder should go to Edna, Paul, and Wilbur Swingle, *"or the survivor or survivors of them."* (p. 530.) All the remaindermen survived the testatrix and the life tenant. When Paul later died intestate, an action was brought to construe the devise to Edna, Paul and Wilbur.

The administrator of Paul's estate argued that the devise created a tenancy in common, while Edna contended that it created a joint tenancy with rights of survivorship. The trial court agreed with the administrator and held that Paul's heirs-at-law owned an undivided one-third interest in the property. The Supreme Court affirmed, citing 58-501.

*Swingle* controls the instant case. The words "or to the survivor of them" in the devise to Lena and Edna did not create a joint tenancy with the right of survivorship. The words "share and share alike" import that if Lena had also survived the life tenant,

she and Edna would have owned the land as tenants in common, each with an undivided one-half interest.

3. Edna's third assignment of error is that the words "or to the survivor of them" created a remainder contingent upon survival of the life tenant, Rosella. The argument depends on whether the survivorship language in the devise to Lena and Edna refers to the time of the testator's death, or the death of the life tenant.

Where there is an express provision for survivorship, but the time of survivorship is not specified, a question of construction arises. *Faris v. Nickel,* 152 Kan. 652, 655, 107 P.2d 721 (1940). The paramount rule of construction in the interpretation of provisions in a will, to which all other rules are subordinate, is that the intention of the testatrix as garnered from all parts of the will is to be given effect. *Jennings v. Murdock,* 220 Kan. 182, 208, 553 P.2d 846 (1976).

Viewing Baird's will as a whole, we believe that it was the testatrix's intention that the survivorship requirement in the devise to Lena and Edna refers to the time of the death of the life tenant, not the death of the testator. Baird disposed of six farms through her will, one to a trust and five to single individuals. Four of the devises to single individuals were expressly conditioned on survival of the testatrix. All four contained the same clause, "In the event said [devisee] should die prior to the date of my death," followed by disposition of the property to another person.

This devise, the fifth, was to Rosella for life, and "after her death" to Lena and Edna "or the survivor of them." This devise did not contain the clause used in the other four devises, which expressly conditioned the gift on survival of the testatrix. Since the language expressly conditioning the gift on survival of the testatrix was not used, but other survivorship language was, it must be inferred that the testatrix intended the survivorship requirement in that devise to relate to the time referred to, namely, "after her [the life tenant's] death."

This interpretation is supported not only by the language used in the will as a whole, but also by a presumption regarding survivorship requirements in a disposition of property. Where there is an express provision of survivorship, but the time of survivorship is not specified, there is a presumption that the words of survivorship refer to the period of distribution of the estate in remainder. *Hitchcock v. Skelly Oil Co.,* 197 Kan. 1, 9-10,

414 P.2d 67 (1966); *Faris v. Nickel,* 152 Kan. at 655; *Purl v. Purl,* 108 Kan. 673, 676, 197 Pac. 185 (1921).

The chief argument made by the appellees against this construction is that it interprets the devise to Lena and Edna as creating contingent remainders. Appellees cite the familiar rule that vested remainders are favored over contingent ones, and that "no remainder will be construed to be contingent which may, *consistently with the words used and the intention expressed,* be deemed vested." *Mathews, Administrator v. Savage,* 195 Kan. 501, 505, 407 P.2d 559 (1965). (Emphasis added.)

It is important to note that the presumption favoring vested remainders only applies if it is consistent with the intention of the testator as gleaned from the language used in the will. This aspect of the rule was emphasized in *Kirkpatrick v. Kirkpatrick,* 112 Kan. 314, 211 Pac. 146 (1922), where the court commented on *Bunting v. Speek,* 41 Kan. 424, 21 Pac. 288 (1889), in which the rule favoring vested remainders was first recognized. In *Bunting,* the rule was formulated in these terms:

"In a devise to a wife for life, with remainder to the legal heirs of the testator, to create a contingent remainder the intent so to do must be expressed in words so plain that there is no room for construction." (Syl. ¶ 1.)

In *Kirkpatrick* the court observed that the *Bunting* decision contained misleading and incorrect statements of the law; the true rule as to contingent and vested remainders is that "in case of unfeigned ambiguity in the language used in creating a remainder, a construction is favored that will make the remainder a vested one; but such a construction must give way to the intention of the testator as expressed in the will." 112 Kan. at 320.

The devise to Lena and Edna contains no "unfeigned ambiguity." In our opinion the intention of the testatrix as expressed in her will was to devise a life estate to Rosella Hall and a remainder interest to Lena and Edna contingent upon their survival of the life tenant. Edna survived the life tenant, but Lena did not. Therefore, Edna became the sole owner of the property upon the death of the life tenant.

In support of the trial court's decision the appellees contend that it is supported not only by the will itself, but also by evidence that Edna admitted on numerous occasions the appellees were co-owners of the land. These admissions, assert the appellees, are binding on Edna and, as they say in their brief, are

"independently relevant to the issue of the respective interests of the parties."

What interest the remaindermen took is a question of law, and not of fact. While parties—and courts—may be bound by admissions of fact, questions of law are for the courts alone to determine. The principle is illustrated by *In re Estate of Maguire,* 204 Kan. 686, 466 P.2d 358 (1970). The primary issue there was whether a testamentary option to purchase real estate violated the rule against perpetuities. The court held that such an option does not violate the rule because it is personal in character and is exercisable only within the lifetime of the optionee. Having decided this, the court was faced with the problem that in the course of the lawsuit the parties had agreed the option rights created in Maguire's will descended to the heirs of the optionee.

In resolving this problem, the court acknowledged the rule that ordinarily courts are bound by stipulations of the litigants, but limited this rule by saying:

"However, we believe the rule, valid though it may be where questions of fact are concerned, cannot be invoked to bind or circumscribe a court in its determination of questions of law. This principle is set out in 50 Am. Jur., Stipulations, § 5, p. 607:

" 'It has frequently been stated as a general rule that the decision of questions of law must rest upon the court, uninfluenced by stipulations of the parties, and it is generally held, accordingly, that stipulations as to what the law is are invalid and ineffective. . . .' " *In re Estate of Maguire,* 204 Kan. at 691.

In *Beams v. Werth,* 200 Kan. 532, Syl. ¶ 10, 438 P.2d 957 (1968) the court said:

"The court is not bound by an erroneous admission of law made by one of the parties in an action where no one is deceived and no prejudice results."

If a court is not bound by erroneous stipulations or admissions of the parties as to the law when made in the course of the lawsuit, *a fortiori* it is not bound by erroneous extrajudicial admissions. The trial court here, we note, did not rely on Edna's admissions. Since the ownership of the land involved here is a legal question requiring an interpretation of the devise to Lena and Edna, the erroneous admissions of law made by Edna are immaterial to a determination of this action. They were properly disregarded by the trial court, and cannot control our decision.

The judgment is reversed and the case is remanded with directions to enter judgment quieting title in the appellant.