No. 21,647.

T. A. HENDERSON, *Plaintiff*, v. EUGENE L. BELL, *Appellant*, and JOHN J. BUCHANAN and LINCOLN BUCHANAN, *Appellees*, et al., *Defendants*.

SYLLABUS BY THE COURT.

CONTRACT—*Option to Purchase Real Estate—Offends Rule against Perpetuities*. A contract giving an option to purchase real property without limiting the time within which the purchase may be made is void, for the reason that it violates the rule against perpetuities.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed July 6, 1918. Modified.

*W. P. Waggener, J. M. Challiss, Geo. L. DeLacy,* and *Walter E. Brown,* all of Atchison, for the appellant.

*C. D. Walker,* and *Z. E. Jackson,* both of Atchison, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to foreclose a mortgage given by defendant Eugene L. Bell on certain real property in Atchison county. A number of Bell's code-

Henderson v. Bell.

fendants filed cross petitions asking for the foreclosure of mortgages given by Bell on the real property, and one of his codefendants filed a cross petition asking for the foreclosure of a mechanic's lien on that property. Defendants John J. Buchanan and Lincoln Buchanan filed a cross petition asking that Bell be compelled to specifically perform a contract for the sale of the property to John J. Buchanan and W. H. Buchanan. Issue was joined between John J. Buchanan and Lincoln Buchanan on one side and Bell on the other side. Judgment was rendered on all the mortgages and on the mechanic's lien in favor of their holders and against Bell. Judgment was likewise rendered directing Bell to convey the real property to John J. Buchanan and Lincoln Buchanan on their paying $2,600 into court, and directing that the $2,600 be applied in the discharge of the judgments against Bell. Judgment was further rendered that if the $2,600 were not paid into court, the real property should be sold, and the proceeds should be applied in the discharge of the judgments against Bell. He appeals from the judgment requiring specific performance of the contract with John J. Buchanan and W. H. Buchanan.

The contract in question reads as follows:

"This agreement made and entered into this 8th day of February, 1911, by and between Eugene L. Bell and Nannie Bell, his wife, of the first part, and John J. Buchanan and Henry Buchanan of the second part, Witnesseth: That first parties agree to sell and second parties agree to buy the following real property situated in Atchison County, Kansas: The S. W. ¼ of the S. W. ¼ of Sec. 10-7-21, also the N. E. ¼ of the N. E. ¼ of Sec. 9-7-21; also the E. ½ of the S. E. ¼ of the N. E. ¼ of Sec. 9-7-21 excepting about one acre in cemetery, to be more particularly described in deed; said land to be paid for in the sum of $4,626.75 cash, as soon as first party presents abstract to said land showing good and merchantable title in Bell, and on the execution of an ordinary warranty deed to second parties; second parties to have sufficient time in which to pass upon said abstract. It is further agreed, that first parties shall have the wheat now growing on said land and the right to harvest same, shall cut, stack and thresh said wheat and deliver to second parties one-third of said wheat threshed at the machine, first parties to stand all expense of harvesting and threshing. And it is also agreed that should first parties elect to sell the following 40 acres now occupied by them, to-wit: The N. W. ¼ of the S. W. ¼ of Section 10-7-21, in Atchison County, Kansas, the second parties shall have the right to purchase said last mentioned 40 at the agreed price of $65 an acre. It is further agreed that if said parties elect to sell said S. W. ¼ of the S. W. ¼ of Sec. 10-7-21 at any time in the future, the first parties shall have the right to purchase same at the agreed price of

$65 an acre, provided first parties will also buy the balance of the above described land at the agreed price of $40 an acre. It is agreed that second parties shall and do at the delivery of this agreement put up the sum of $100 to be forfeited in case they fail or refuse to carry out this agreement on their part."

Lincoln Buchanan has succeeded to the rights of W. H. Buchanan.

It is argued that the contract is void for the reason that it is against public policy, in that it violates the rule against perpetuities, and is an unreasonable restraint upon alienation. *Barton v. Thaw,* 246 Pa. St. 348, is closely analogous to the case now under consideration. In the syllabus, the court there said:

"A bill in equity to remove a cloud upon title alleged that plaintiffs were the owners of certain land; that their predecessors in title had granted the coal underlying such land, by a deed containing a covenant that in case the grantee, his heirs or assigns 'should at any future time whatsoever desire to purchase any of said land in fee simple, then the said parties of the first part for themselves, their heirs or assigns hereby covenant and agree to sell the same to the said parties of the second part, their heirs or assigns at a price not exceeding $100 per acre'; that defendants were the successors in title of the grantees of such deed; that the said covenant was void but was a cloud on the plaintiffs' title, and prayed that such covenant be cancelled. The court after hearing on bill and answer decided that the covenant was but an' option to purchase, which, under its terms, could be exercised at any time in the future, and was void, as being in violation of the rule against perpetuities and awarded the relief prayed for. *Held,* no error." (syl. ¶ 5.)

The rule against perpetuities is a part of the law of this state. (*Lasnier v. Martin,* 102 Kan. 551, 171 Pac. 645.)

By the contract, if Bell should elect to sell the property, he must first offer it to the Buchanans. The contract, if enforcable, gave to the Buchanans the right to purchase the property at some future, indefinite, unknown time; and Bell can be compelled to convey the property to the Buchanans at such time for the price named. Bell cannot sell the property to any person without first offering it to those holding under the contract. When sold under the contract, the property must be sold at $65 an acre, although at that time it may be worth $1,000 an acre. Bell does not have an absolute, uncontrolled right to sell the property at any time that he may see fit. It follows that the Buchanans and those holding under them.

either as assignees or heirs, would hold a right to obtain an in-
terest in the property running for an indefinite period of time.
That right would be held in violation of the rule against per-
petuities.   (*Winsor v. Mills,* 157 Mass. 362; *Starcher Bros. v.
Jeff Duty,* 61 W. Va. 373; *Woodall v. Bruen,* 76 W. Va. 193;
Gray, The Rule Against Perpetuities, 3d ed., § 330.)

All the authorities do not hold in accordance with this rule.
(See article on "Options and the Rule Against Perpetuities"
by John R. Rood, 23 Case and Comment, 835.)   But the rule
announced appears to be supported by better reasoning, and
is more consistent with sound public policy.

Bell presents other questions, but, in view of the conclusion
reached, it is not necessary to discuss them.

The judgment is modified by reversing that part of it re-
quiring Bell to make a conveyance of the land to the Buchan-
ans, and by directing that judgment be entered in favor of
Bell in the controversy between him and the Buchanans.   To
satisfy the judgments rendered in favor of the mortgagees and
the holder of the mechanic's lien, the sale of the property is
directed as ordered by the judgment of the trial court.