## MORGAN v. GRIFFITH REALTY CO.
### No. 4283.

United States Court of Appeals
Tenth Circuit.

Nov. 15, 1951.

Rehearing Denied Dec. 12, 1951.

598

LeRoy Blackstock, Tulsa, Okl., for appellant.

John A. Johnson, Oklahoma City, Okl., for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Griffith Realty Company, hereinafter referred to as Griffith, instituted this action against Roy L. Morgan, hereinafter referred to as Morgan, for a declaratory judgment adjudicating the rights of the parties in a tract of real estate 360 feet in width and 254.5 in depth in the Morgan Heights First Addition to the City of Tulsa, in Oklahoma. The decisive facts were not in controversy. Morgan was engaged in the business of developing real estate, and Griffith was engaged in the business of purchasing land, constructing theatre buildings.

thereon, and selling or leasing the property. Griffith purchased the land in question for $20,000. The warranty deed conveying the property to Griffith was executed by Morgan, his wife, and Tulsa Defense Houses, Inc. Morgan was president and his wife was secretary of the corporation and they executed the conveyance on its behalf. The deed did not contain any restrictions, limitations, or reservations in respect to the use or disposition of the property. After the terms of sale had been agreed upon and the transaction either concluded or substantially so, a member of the real estate firm representing the grantors wrote Griffith that Morgan desired a letter giving assurance that a theatre building would be constructed on the land. In response to that letter, Griffith wrote a letter addressed to Morgan in which it was stated that the property had been purchased from him; that Griffith intended to build a theatre on the property; and that if at any time in the future Griffith should abandon such intention, Morgan would be given the opportunity to repurchase the land at the cost to Griffith, $20,000. After it had owned the land for almost four years and had not during that time constructed a theatre building thereon, Griffith received an offer of $50,000 for the east 310 feet of the land; and it desired to accept the offer and sell that portion of the tract. Morgan objected on the ground that the letter constituted a valid option to repurchase the entire tract if Griffith decided not to erect the theatre building, and that a sale of any part of the land would constitute a breach of the option. The court determined in effect that the letter did not create any enforceable right, interest, option, or claim in the land. Judgment was entered accordingly, and Morgan appealed.

■ It is the general rule in Oklahoma that two or more writings between the same parties executed substantially at the same time and relating to the same subject-matter are to be considered together in arriving at the intent of the parties, and it is not essential that the instruments refer in express terms to each other if in point of fact they are parts of a single transaction. Pauly v. Pauly, 198 Okl. 156, 176 P.2d 491;

Bell v. Protheroe, 199 Okl. 562, 188 P.2d 868, 1 A.L.R.2d 315. Recognizing the existence and proper application of that general principle of law, the parties agree that the letter and the deed are to be considered together in arriving at the intent of the parties and the validity of the asserted right of repurchase to the same extent as though the language contained in the letter had been inserted in the deed.

■ With certain exceptions which do not have material bearing here, Title 60, Section 175.47, Oklahoma Statutes 1941, provides in clear terms that the absolute power of alienation of real and personal property, or either of them, shall not be suspended by any limitations or conditions whatever for a longer period than during the continuance of a life or lives of the beneficiaries in being at the creation of the estate and twenty-one years thereafter. Broadly speaking, the statute is declaratory of the common law rule against perpetuities. The rule concerns itself only with future interests or estates. A present, vested interest is not objectionable under the rule, although restraints upon alienation of present interests may be prohibited by other exactions of law. The interdiction of perpetuities is not a rule of construction. It is a peremptory command of law founded upon a sound principle of public policy and is to be rigidly enforced. McLaughlin v. Yingling, 90 Okl. 159, 213 P. 552.

While there is contrariety of opinion among the courts, it is the prevailing rule in most of the states having occasion to consider the question that an option to purchase or repurchase real estate without limitation in respect of time for its exercise, or an option expressly extending beyond the period limited by the rule against perpetuities, violates the rule and is void. Barton v. Thaw, 246 Pa. 348, 92 A. 312; H. J. Lewis Oyster Co. v. West, 93 Conn. 518, 107 A. 138; Winsor v. Mills, 157 Mass. 362, 32 N.E. 352; Starcher Bros. v. Duty, 61 W.Va. 373, 56 S.E. 524, 9 L.R.A.,N.S., 913; Turner v. Peacock, 153 Ga. 870, 113 S.E. 585; Henderson v. Bell, 103 Kan. 422, 173 P. 1124.

Morgan argues however that in Oklahoma an option to purchase or repurchase real estate creates only rights in personam; that it does not create any interest in the property; and that accordingly it fails to contravene the rule against perpetuities. The rule against perpetuities concerns itself only with interests in property. It does not affect in any manner the making of contracts which do not create rights or interests in property. The Supreme Court of Oklahoma has held in general language that an option is a contract by which the owner of property agrees that another shall have the right to buy it at a fixed price within a certain time; that the owner does not sell the property but sells the privilege to buy at the option of the other party; and that such a contract conveys no title but creates rights in personam. Landon v. Morehead, 34 Okl. 701, 126 P. 1027; Anthis v. Sandlin, 149 Okl. 126, 299 P. 458; Bowen v. Vance, 203 Okl. 136, 218 P.2d 628. Of course, an option does not convey title. But if it has any effect whatever it gives to the one holding the option the right to obtain the property by complying with the terms of the option contract. If this option be valid, Griffith took the title encumbered by the obligation to reconvey the property at any time it should abandon its intention to construct a theatre building on the land, if Morgan should elect to repurchase it and pay the $20,000. If it be valid, Griffith parted with the right, after abandonment of its intention to construct the theatre building, to convey the property or any part thereof to others without first giving Morgan the opportunity to reacquire it on payment of $20,000. If it be valid, in that manner and to that extent the absolute right of alienation of the property was suspended by limitation or condition. And the right to repurchase was not presently vested. It could not be exercised until such time in the future as the intention to construct a theatre building on the land was abandoned. And the abandonment of that intention might never take place. Manifestly, the right of exercise of the option was not presently vested; it was contingent; and it was without limitation as to time for its exercise. It extended for an indefinite time in the future. It might well extend beyond life or lives in being and twenty-one years. And it therefore contravened the rule against perpetuities, or restraint on alienation. Barton v. Thaw, supra; H. J. Lewis Oyster Co. v. West, supra; Winsor v. Mills, supra; Starcher Bros. v. Duty, supra; Turner v. Peacock, supra; Henderson v. Bell, supra.

The judgment is challenged on the further ground that the option was a purely personal privilege to Morgan; that it will expire at his death; and that therefore it did not contravene the rule against perpetuities or restraint on alienation. The vice president of Griffith who wrote the letter and Morgan were strangers. They had never met, and there is no suggestion in the record that any personal relationship existed between them which would naturally give rise to an intent or purpose to create an option personal to Morgan. It is to be borne in mind that the letter merely stated that in the event an intention to construct the theatre building should be abandoned, Morgan would be given the opportunity to repurchase the property. The letter did not expressly mention the heirs or assigns of Morgan. In Henderson v. Bell, supra, certain persons were given the option to purchase certain land at a certain price. Nothing was said in the instrument in respect to their heirs or assigns having such right. But it was expressly held that under the instrument, if valid, the optionees and those holding under them, either as assignees or heirs, would hold a right to obtain an interest in the land running for an indefinite period of time. And in the late case of Bowen v. Vance, supra, the Supreme Court of Oklahoma quoted with approval the holding of another Court that while an option contract conveys no title to the property, it creates rights in personam which may be sold or assigned by the vendee. A critical reading of that case seems to make it reasonably plain that under the law of Oklahoma unless an option contract expressly provides that it shall be personal to the optionee, the rights under it may pass to his assigns or personal representatives. The option involved here was not expressly limited to Morgan. It did

not expressly exclude his heirs or assigns. And it was not purely personal to him in the sense that it fell outside the purview of the common law rule against perpetuities, or the statutory rule in Oklahoma forbidding the absolute power of alienation for a longer period than a life or lives in being and twenty-one years.

The judgment is affirmed.