No. 45,551

In the Matter of the Estate of John F. Maguire, Deceased, DARLENE MAGUIRE SCARBROUGH, *Appellant*, v. LILLIAN MAGUIRE McNUTT, Individualy and as Administrator, c. t. a., d. b. n. of the Estate of John F. Maguire, Deceased, JEAN I. CECIL, KATHLEEN I. DUNCAN, and WILLIAM S. GREEN, *Appellees.*

(476 P. 2d 618)

Opinion on rehearing filed November 7, 1970. (For original opinion, see *In re Estate of Maguire*, 204 Kan. 686, 466 P. 2d 358.)

*Howard A. Spies*, of Schroeder, Heeney, Groff, Spies & Craig, of Topeka, argued the cause, and *John F. Gernon*, of Hiawatha, was with him on the appellant's brief on rehearing.

No appearance was made by appellees.

The opinion of the court was delivered by

FONTRON, J.: After our decision was handed down reversing the judgment of the district court, the appellees filed a motion for rehearing. This court granted the appellees' motion on April 12, 1970, but limited the rehearing to the following issue:

"Must a testamentary option granted two or more optionees be exercised jointly by all optionees?"

In all other respects the motion for rehearing was denied. Our action in granting a limited rehearing was influenced by the fact that, as pointed out in the appellees' motion, the precise question had not been researched or briefed by either party to the appeal, and we felt that opportunity to do so should be accorded.

The case was reargued on October 2, 1970, prior to which date the appellant filed a brief on rehearing. The appellees, however, filed no additional brief to assist the court, nor were they represented by counsel at oral argument.

After hearing from the appellant's counsel upon oral argument and studying her brief on rehearing, and after referring again to appellees' original brief and motion for rehearing, we adhere to our original decision, the gist of which, so far as the limited rehearing is concerned, was that an option granted to two or more optionees must be exercised by them jointly, in the absence of circumstances clearly indicating a contrary intention on the part of the optionor and, further, that no clear contrary intent was indicated in this case.

Inasmuch as syllabi 6 and 7 do not completely reflect the court's opinion on the question presented on rehearing, these syllabi are hereby modified to read as follows:

6. An option granted two or more optionees must be exercised by all optionees jointly, absent circumstances clearly indicating a contrary intent on the optionor's part.

7. The record is examined in an action contesting the validity of a testamentary provision granting the testator's two daughters the right to purchase certain real estate at a specified sum, and for reasons appearing in the opinion it is held: (1) The option does not violate the rule against perpetuities or create an unreasonable restraint upon alienation, and (2) under the circumstances shown in this case, the surviving optionee may not, alone, exercise the option, there being no clear showing that the testator so intended.

A typographical error has been noted in the citation from Restatement, Property, Volume IV, p. 2315, which we wish to correct at this time, inasmuch as the error changes the entire sense of the cited text. In the first paragraph the word "valid" appears. The word should be "*in*valid" and the quotation should read as follows:

" 'Subject to exceptions [non of which appear applicable here] . . . the limitation of an option in favor of a person other than the conveyor is invalid because of the rule against perpetuities when, under the language and circumstances of the limitation, such option

" '(*a*) may continue for a period longer than the maximum period described in § 374; and

" '(*b*) would create an interest in land, or in some unique thing other than land, but for the rule against perpetuities.' "

Except as modified herein our original opinion is affirmed.