(646 P.2d 1158)
No. 53,752

Martin C. Crawn and Meldena Crawn, *Appellants,* v. Mary Ann French, a/k/a Mary Ann French Gibson, *Appellee.*

Opinion filed June 17, 1982.

*Edward H. Powers, Sr.,* of Kansas City, for the appellants.

*Philip C. Lorton,* of Kansas City, for the appellee.

Before Foth, C.J., Spencer and Parks, JJ.

Spencer, J.: This is a declaratory judgment action in which plaintiffs challenge the validity of an instrument entitled "Option to Purchase," which they executed in favor of defendant.

On February 21, 1974, the parties entered into a real estate contract for the sale and purchase of plaintiffs' residence in Kansas City for the sum of $26,500. Possession was to have been delivered to defendant no later than April 1, 1974. Following execution of the contract, Mrs. Crawn became ill and it was deemed necessary that plaintiffs remain in their home. For this reason, negotiations were conducted which resulted in an instrument executed by defendant whereby, in consideration of $3,000 paid to her, she relinquished all right and interest in the contract of February 21, 1974. This instrument was dated March 29, 1974. On that same date plaintiffs executed and delivered to defendant an instrument in writing entitled "Option to Purchase." The stated consideration, acknowledged by plaintiffs to be sufficient, was "One Dollar and the assignment of a certain Real Estate

Contract of February 21, 1974 . . . ." By this instrument plaintiffs, for themselves, their heirs, executors and assigns, granted to "Mary Ann French, a single woman," defendant, the exclusive right to purchase their residence property on the same terms and conditions as contained in the original contract of sale and purchase, including the price of $26,500, conditioned however as follows:

"The conditions of this option are that grantors shall retain the exclusive use and enjoyment of this realty so long as they desire, but upon their election to move therefrom, to a new residence, they shall notify grantee at her place of employment or her residence, by mail, of their decision. Grantee will then have sixty (60) days within which to exercise this option to buy.

"Upon proof of receipt of mailing notice to Mary Ann French and her lack of exercise of this option within the sixty (60) day term, this exclusive right herein granted will terminate and be held for naught."

Plaintiffs continue to reside in their home but now challenge the validity of their grant to defendant, noting the dollar value of the property has increased substantially, and asserting the grant is violative of the rule against perpetuities, defective because not limited as to time for performance, and lacking consideration.

Following a bench trial, the court held:

"1. That the weight of the evidence discloses that there was ample consideration for the contract in question. Defendant gave up her rights of purchase in exchange for a sum of money agreed upon and an Option to purchase when the plaintiffs no longer lived in the premises. Plaintiff, Maldena Crawn's illness and emotional distress at the thought of moving from her home was alleviated by defendant's willingness to forego her rights and allow both plaintiffs to remain in their home. So without a doubt, there was adequate consideration as to all parties to the contract.

"2. That while plaintiff has argued the rule against perpetuities and the reasonable time issue, the Court does not find any application of either to the contract in the facts of the case.

"3. The contract is binding on plaintiffs and their heirs but is not binding on defendant's heirs. In other words, the defendant has an option to purchase during her lifetime only."

This appeal places in issue the findings and conclusions contained in paragraphs 1 and 2. However, the court's holding in paragraph 3 is not challenged and this is as it should be, for clearly the grant to defendant was an "exclusive" grant to her alone. The rights conferred are personal to defendant and will terminate upon her death, or earlier if plaintiffs elect to move and defendant does not exercise the right to purchase within the

60-day term provided. It is only in such latter event that defendant would hold a true option to purchase, for it is only upon plaintiffs' election to move from their residence that defendant would have an enforceable right to acquire an interest in that property, and that right is clearly limited as to time for performance. Until then, defendant holds merely a right of preemption.

"A right of pre-emption differs from an option in that a pre-emption does not give to the pre-emptioner the power to compel an unwilling owner to sell, but merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the pre-emption at the stipulated price, and upon receiving such an offer, the pre-emptioner may elect whether he will buy, and if he elects not to buy, then the owner of the property may sell to a third party." *Anderson v. Armour & Company*, 205 Kan. 801, Syl. ¶ 1, 473 P.2d 84 (1970).

It has long been recognized in this state that contracts similar to the one here in question are subject to the rule against perpetuities when the right of preemption runs for an indefinite period of time. In *Henderson v. Bell*, 103 Kan. 422, 173 Pac. 1124 (1918), the parties had entered into a contract for the sale of real property which contained a provision that, should first parties elect to sell certain additional acreage, second parties would have the right to purchase that acreage at a specified price. In holding such provision to be void, the court stated:

"By the contract, if Bell should elect to sell the property, he must first offer it to the Buchanans. The contract, if enforceable, gave to the Buchanans the right to purchase the property at some future, indefinite, unknown time; and Bell can be compelled to convey the property to the Buchanans at such time for the price named. Bell cannot sell the property to any person without first offering it to those holding under the contract. When sold under the contract, the property must be sold at $65 an acre, although at that time it may be worth $1,000 an acre. Bell does not have an absolute, uncontrolled right to sell the property at any time that he may see fit. *It follows that the Buchanans and those holding under them, either as assignees or heirs, would hold a right to obtain an interest in the property running for an indefinite period of time.* That right would be held in violation of the rule against perpetuities." 103 Kan. at 424-25; emphasis added.

Plaintiffs rely on *Henderson* as being "almost identical" to the case at bar. However, a careful reading of that case reveals the contract in question was construed as being binding upon and inuring to the benefit of the "assigns or heirs" of the parties. In that essential respect, *Henderson* differs from the case at bar, for here the right granted defendant will not inure to the benefit of her heirs or assigns.

In 61 Am. Jur. 2d, Perpetuities, Etc. § 65, it is said:

"The validity of a pre-emptive right under the rule depends upon whether the right is found to be personal to either or both of the parties involved, so that the right must necessarily expire during the lifetime of one of the parties. . . .

"[W]here a pre-emptive right is personal to the prospective buyer, and does not extend to his heirs or assigns, his equitable interest would necessarily vest during his lifetime . . . ."

Accord, *Campbell v. Campbell,* 313 Ky. 249, 230 S.W.2d 918 (1950); *Kershner v. Hurlburt,* 277 S.W.2d 619 (Mo. 1955). See also *Smerchek v. Hamilton,* 4 Kan. App. 2d 346, 606 P.2d 491 (1980). The trial court did not err in holding the rule against perpetuities and the reasonable time issue not applicable in this case.

The trial court found "ample consideration" to support the preemption agreement, and having reviewed the record we agree.

"Ordinarily the question of the presence of a benefit or detriment to the promisor, sufficient to constitute a consideration, is a question of fact, as is the question of what constitutes the consideration, where it is controverted." *Ferraro v. Fink,* 191 Kan. 53, 56, 379 P.2d 266 (1963).

This court is required to view the evidence in the manner most favorable to the prevailing party below, accepting as true the evidence and all inferences which may be drawn therefrom supportive of the trial court, and disregarding any conflicting evidence. *Marcotte Realty & Auction, Inc. v. Schumacher,* 229 Kan. 252, Syl. ¶¶ 1, 2, 624 P.2d 420 (1981).

Affirmed.