**In re ESTATE OF Edward F. FITZGERALD, a.k.a. Edward Fitzgerald, Deceased.**

**No. C2–85–18.**

Court of Appeals of Minnesota.

July 2, 1985.

Dan D. Plambeck, Stefanson, Landberg, Plambeck & Geeslin, Moorhead, for appellant Eugene Fitzgerald.

James O. Ramstad, Irvine, Ramstad, Quam, Briggs, Irvine & Jordheim, P.A., Detroit Lakes, for appellant Ronald Fitzgerald.

Lowell P. Bottrell, Fargo, N.D., for respondent-Daughters Diane Rogne and Janice Kittilstved.

Heard, considered and decided by LANSING, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

LESLIE, Judge.

Eugene and Ronald Fitzgerald appeal from a judgment which determined that they did not effectively exercise an option to purchase certain real property owned by their father at his death. We affirm.

## FACTS

Edward Fitzgerald died testate on September 6, 1983. He was survived by five daughters, two of whom are the respondents herein, and two sons, who are the appellants herein. Edward's will devised certain real property to his sons and certain other real property to his daughters. The devise to Edward's daughters, which is the subject of this appeal, stated:

> I devise the balance of the real estate * * * in equal shares so as to provide one (1) share for each of my daughters * * *; *provided, however, that my sons, Ronald Edward Fitzgerald and Eugene Francis Fitzgerald shall have the option, within six (6) months of my death to purchase said fifty-five (55) acres.* The sales price shall be at fifty (50%) percent of its appraised fair market value at the date of my death, said appraisal to be made by a qualified real estate appraiser.

(Emphasis supplied.)

The real estate was appraised, and on February 27, 1984, Ronald and Eugene executed a written document purporting to exercise their option. The document, entitled "Notice of Exercise of Option," was not sent to the daughters, but was retained by Eugene, who had been appointed personal representative of the estate.

On March 6, 1984—the date the option expired—the attorney for the estate mailed to one of the daughters, Patricia, a letter explaining that an agreement had been signed by Ronald and Eugene, which indicated that they had exercised the option and which included the terms of purchase. Patricia executed the agreement on March 6th. The other daughters did not receive notice of this agreement until after the option had expired, and they refused to sign the agreement.

Two of the daughters thereupon filed a petition in the probate court seeking to restrain the personal representative (Eugene) from conveying the property to himself and Ronald. They alleged that they had never been orally notified that Eugene and Ronald had accepted the option, and

also alleged that they had not received written notification of the acceptance until after the six-month period had expired.

Following a hearing, the court determined that neither Eugene nor Ronald had orally exercised their option under the will. The court also determined that the option was effectively exercised against Patricia, since she had received written notice of the sons' acceptance of the option, but that her acknowledgment could not be imputed to the other daughters, who had not received timely notification. The court concluded as a matter of law that the daughters' interest in the property had vested on September 6, 1983 when Edward died, and that Ronald and Eugene had failed to exercise their option as against the daughters prior to its expiration. Ronald and Eugene have appealed.

## ISSUE

Did the terms of the will require the daughters to receive notice when Ronald and Eugene decided to exercise their option to purchase the real estate?

## ANALYSIS

The giving of an option "creates a power of acceptance in the holder of the option." A. Corbin, 1 *Corbin on Contracts* § 43 at 176 (1963). Regarding notice of acceptance, Corbin states:

> The most reasonable rule * * * seems to be that if the offer is of such a kind that the offeror needs to know of the acceptance in order to determine his subsequent action, and the offeree has reason to know this, a notice of acceptance must be given. If the offeree is asked to make a promise, it is not enough for him to express assent secretly, or to tell his wife or his neighbor that he accepts * *

*Id.*, § 67 at 277 (footnotes omitted).

■ Since the option in this instance was an offer requiring acceptance, some notice of the sons' acceptance should have been given. Thus, it must be determined who owned the property when Edward died. If the property passed to the daughters immediately upon Edward's death, then the daughters would be the parties to whom acceptance should have been manifested.

■ The will itself appears ambiguous, since it does not expressly indicate whether Ronald and Eugene should purchase the property from the estate or from the daughters. In construing an ambiguous will, the primary purpose is to determine the intention of the testator. *Matter of Wyman*, 308 N.W.2d 311, 315 (Minn. 1981). All provisions should be considered as a whole when construing a will, *id.*, and a just and reasonable construction is preferred. T. Atkinson, *Law of Wills* § 146 at 814 (2d ed. 1953).

■ When the will is considered as a whole, it appears that Edward wished to devise the property to his daughters, but to allow Ronald and Eugene to purchase it from them. Otherwise, the will should have indicated that Ronald and Eugene had the option to purchase the land, but if they chose not to exercise the option then the land would pass to his daughters. *See Chamberlin v. Flowers*, 358 So.2d 463 (Ala.Civ.App.1978), where the testator used such language and the court found the option to be a condition precedent to vesting.

Further, if the will is construed as requiring Ronald and Eugene to purchase from the daughters, the proceeds would then go to the daughters only, which would appear to be Edward's intent. On the other hand, if Ronald and Eugene were to pay the estate for the property, the proceeds would be split (as residue under the terms of the will) between all of the children, including Ronald and Eugene. This would appear to be neither fair nor correct.

■ Testamentary options are a common way of devising real property; however, it appears from the available case law from other jurisdictions that a testator will generally specify whether the optionee should purchase from the administrator or from the other devisees. *See, e.g., In re Champion's Estate*, 15 N.Y.S. 768 (Sur.1890)

(will gave an option to purchase from the executors); *In re Estate of Maguire*, 204 Kan. 686, 466 P.2d 358 (1970), mod. 206 Kan. 1, 476 P.2d 618 (1970) (option to purchase from devisees); *see also* Anno., 44 A.L.R.2d 1214–1230. In addition, there are numerous cases where a testator has simply given an option to a person without providing for an alternative devise of the property. In such cases the rule is that "title to the realty vests in the testator's executor, subject to the optionee's right of purchase." Anno., 82 A.L.R.3d 790 § 2(b), *citing In re Hauser's Will*, 50 N.Y.S.2d 709 (Sur.1944).

In *In re Sjurson's Estate*, 29 S.D. 566, 137 N.W. 341 (1912) the will stated: "All my real estate * * * shall be evenly divided between my four children, except that my son Ole * * * shall have the privilege to buy our old homestead for $25 per acre if he so desires." Ole filed a petition in court declaring his intent to exercise his option and requesting that the proceeds of the purchase be divided among all of the children, including himself. The court rejected Ole's construction of the will, finding that "the words used [were] such as [could] clearly be held to express an intent by the testator to grant to [Ole] the right to purchase said land from [the other children]." *Id.* at 343. This construction of the will by the *Sjurson* court supports the daughters' claim in this instance.

In general, the law favors vesting, *In re Estate of Freeman*, 151 Minn. 446, 449, 187 N.W. 411, 412 (1922), and the rule is that, subject to administration, real property will pass to a devisee at the time of death. *In re Estate of Breole*, 298 Minn. 116, 120, 212 N.W.2d 894, 896 (1973). This rule also favors a construction of the will finding that the daughters obtained a fee simple immediately upon Edward's death, subject to the option.

## DECISION

Upon Edward's death, the property in question passed to his daughters, who did not receive timely notice when Eugene and Ronald decided to exercise their option to purchase the property. Therefore, the trial court's determination that the option was not effectively exercised is affirmed.