NOT DESIGNATED FOR PUBLICATION

No. 118,990

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JENNIFER VANDONSEL-SANTOYO,
*Appellee*,

v.

JUAN VASQUEZ and REFUGIA GARCIA,
*Appellants*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; DAVID J. KING, judge. Opinion filed December 14, 2018. Reversed and remanded with directions.

*Aldo P. Caller*, of Overland Park, for appellants.

*Rick Davis*, of Rick Davis Legal, P.C., of Overland Park, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM:  Juan Vasquez and Refugia Garcia (Buyers) appeal the district court's judgment in favor of Jennifer Vandonsel-Santoyo (Seller) in a breach of real estate contract/equitable foreclosure action. The Buyers claim the district court misinterpreted the language in a contract for deed that required the Buyers to pay the balance of the purchase price within two years of the date of the contract. In the alternative, the Buyers claim that if foreclosure was appropriate, the district court erred by granting the Buyers only an equitable six-month redemption period instead of requiring a foreclosure sale.

1

This is a breach of contract case in which both parties agree that the contract is clear and unambiguous—yet the parties assert opposite interpretations of its meaning. We disagree with both parties and find that the contract for deed is ambiguous on whether it contains an enforceable balloon payment provision requiring the Buyers to pay the balance of the purchase price within two years of the date of the contract. As a result, we reverse the district court's judgment and remand for a new trial in which the district court may receive and consider parol evidence to determine the parties' intent on the meaning of the ambiguous balloon payment provision.

FACTUAL AND PROCEDURAL BACKGROUND

This case has a long procedural history. On August 13, 2008, the parties entered into a contract for deed covering a residential home in Leavenworth County. The purchase price was $139,000 with a $15,000 down payment and monthly payments in the amount of $1,070 until the balance was paid in full. The contract contained a handwritten provision under the heading "Additional Agreements" providing that "buyer has No Longer than 2 years to get finances to take over loan from seller or pay off home." After the contract was signed, the Buyers moved into the home and made substantial improvements and renovations to the house.

On August 16, 2012, the Seller sued the Buyers in Leavenworth district court for rent and possession of the property. In the petition, the Seller alleged that the Buyers were in default because they had not paid the entire balance of the purchase price within two years of signing the contract. The Seller filed a motion for summary judgment that was denied. According to the Buyers, they prevailed in that litigation after a trial.

Later, the Buyers sued the Seller in federal court for allegedly violating the Fair Debt Collection Practices Act. The record includes no pleadings from the federal litigation. According to the Buyers, the matter was settled between the parties and as part

2

of that settlement, the parties entered into a new contract for deed on August 6, 2014, covering the subject property. The August 2014 contract for deed included a section entitled "Price and Payment" that set the purchase price at $139,000 with a $30,000 down payment and monthly payments in the amount of $1,070. This section contained no provision for any type of balloon payment. The 2014 contact for deed also included a section entitled "Prepayment" that contained the following language:

"The buyer may prepay the entire balance outstanding at any time without penalty and without notice. Such prepayment shall not include unearned interest. *The buyers have two years from the date of this agreement to pay the principal sum and corresponding interest.* Upon full prepayment, the seller shall have 20 days in which to deliver a warranty deed or equivalent deed." (Emphasis added.)

*Current litigation*

On March 10, 2017, the Seller again filed an action against the Buyers, asserting unlawful detainer, breach of contract, and foreclosure of any equitable interest in the property. The petition made no claim that the Buyers were in default on their monthly payments under the contract, but the Seller claimed a breach of contract alleging that "[m]ore than two years have passed and the [Buyers] have failed to tender the full purchase price so as to take over ownership of the home." The petition prayed for alternative relief including immediate possession of the property and a money judgment against the Buyers in the sum of $95,682, together with 7.5 percent interest. The petition also prayed for the Buyers' equitable interest in the property to be foreclosed and that the property be sold according to law, subject to a legal redemption period of three months.

The court held a bench trial on December 27, 2017. Before trial, the parties filed the following stipulated facts:

3

"1. Plaintiff and Defendants entered into a valid and enforceable contract for deed for the property located at 1175 South Bury St, Leavenworth, Kansas 66086 on August 6, 2014. A copy of the Contract for Deed is attached and incorporated with this Stipulation as Exhibit 1.

"2. The Parties acknowledge that the document attached as Exhibit 1 is a true and accurate copy of the Contract for Deed, that the signatures thereon are the true and accurate signatures of the parties, and that the parties entered into the contract by their own free will.

"3. Defendants have made monthly payments in the amount of $1,075, and although all payments may not have been timely, the Defendants have made a payment for each month through the date of these stipulations.

"4. Defendants have not tendered any additional payments beyond the $1,075 monthly payment discussed above.

"5. On or about February 13, 2017, the Defendants received a notice of the default from the Plaintiff's attorney. A copy of that notice is attached and incorporated with this Stipulation as Exhibit 2.

"6. The document attached as Exhibit 2 to this Stipulation is a true and accurate copy of the notice received by the Defendants.

"7. Defendants did not respond to that notice nor did the Defendants tender the entire principal balance as requested in that notice."

The parties also stipulated to these issues of law: "1. The Parol Evidence Rule applies to this matter and would exclude any evidence outside the 'four corners' of the contract between the parties. 2. There are no material facts in dispute in this matter, and this matter can be resolved through summary judgment."

At the bench trial, counsel for both parties agreed that the 2014 contract for deed is not ambiguous with respect to its provisions. Even so, the Buyers' attorney argued that the district court should consider parol evidence about "the circumstances under which the contract was formed." Over the Seller's objection, the district court allowed Garcia to testify about the circumstances surrounding the first round of litigation between the parties and the settlement that ultimately resulted in the 2014 contract for deed. The

4

district court admitted the 2008 contract for deed and various legal documents from the first round of litigation in state court between the parties as trial exhibits.

In her testimony, Garcia was asked if she believed that the 2014 contract for deed provided for a balloon payment after two years, and she said no. But the record is unclear on whether the district court considered the parol evidence in reaching its decision. After the Seller objected to the evidence, the district court announced it would allow the Buyers to offer the testimony and exhibits, but the court indicated that it would later determine "whether this evidence is even considered." The district court never made a final ruling on the admissibility of the parol evidence.

After the evidence was presented, the parties argued their respective positions about the interpretation of the 2014 contract for deed. The Seller argued that the single sentence in the "Prepayment" paragraph that the Buyers had two years from the date the agreement was signed to pay the balance of the contract constituted an unambiguous balloon payment provision that should be enforced by the district court. The Buyers argued that the same sentence was unambiguous and merely provided a two-year time limit in which the Buyers could prepay the balance of the contract without a penalty.

At the close of the hearing, the district court took a brief recess and then ruled from the bench. It appears that the district court's ruling was based entirely on the stipulated facts and the language of the 2014 contract for deed. The district court did not refer to any of the testimony or the trial exhibits in making its ruling. The district court found "[f]rom the language of the agreement" that the contract for deed required the Buyers to pay the balance of the purchase price within two years of the date the contract was signed. The district court found that the Buyers' interpretation of the language in question conflicted with the first sentence in the "Prepayment" section that expressly allowed the Buyers to prepay the entire balance of the contract "at any time." Based on its

5

interpretation of the contract, the district court found that the Buyers were in default for failing to tender the entire purchase price to the Seller in a timely manner.

In the journal entry that was later filed, the district court granted a money judgment in favor of the Seller against the Buyers in the amount of $90,098 plus interest. The district court did not order the property to be sold at a foreclosure sale. Instead, the district court granted the Buyers an equitable six-month redemption period in which to satisfy the judgment. The district court ordered that if the Buyers failed to exercise their right of redemption, the Seller "shall be entitled to the immediate possession of the property." The Buyers timely filed a notice of appeal.

After the appeal was filed, the record reflects that the Buyers did not secure financing during the six-month redemption period, and on June 12, 2018, the Seller filed a motion for a writ of restitution asking for assistance from the Sheriff to evict the Buyers from the property. The next day, the Buyers filed a motion to stay execution. On July 17, 2018, the district court granted the Seller a writ of restitution. The order granting the writ was served on the Buyers on July 31, 2018. At oral argument on November 13, 2018, counsel agreed that the Buyers were unable to post a supersedeas bond to stay the execution of the district court's judgment. Counsel agreed that the Buyers have vacated the subject property and the property is now in the Seller's possession.

ANALYSIS

On appeal, the Buyers claim the district court misinterpreted the language in the 2014 contract for deed that required the Buyers to pay the balance of the purchase price within two years of the date of the contract. In the alternative, the Buyers claim that if foreclosure was appropriate, the district court erred by granting the Buyers only an equitable six-month redemption period instead of requiring a foreclosure sale. The Seller

contends that the district court properly interpreted the contract and asks this court to affirm the district court's judgment.

The resolution of this appeal requires us to interpret provisions of the 2014 contract for deed between the parties covering the subject property. The legal effect of a written instrument is a question of law. A written instrument may be construed and its legal effect determined by the appellate court regardless of the construction made by the district court. *Osterhaus v. Toth*, 291 Kan. 759, 768, 249 P.3d 888 (2011).

The dispute in this appeal is centered on the following language of the 2014 contract for deed found in the "Prepayment" section of the contract: "The buyers have two years from the date of this agreement to pay the principal sum and corresponding interest." The Seller argued in district court that this single sentence in the "Prepayment" section constituted an unambiguous balloon payment provision that required the Buyers to pay the balance of the purchase price within two years of the date of the contract. The Buyers argued that the same sentence was unambiguous and merely provided a two-year time limit in which the Buyers could prepay the balance of the contract without a penalty.

The district court ruled that the language in question clearly expressed the parties' intent that the balance of the contract must be paid within two years. On appeal, we must first decide whether the language in question is clear and unambiguous, and if so, whether the district court properly interpreted the language in favor of the Seller.

Whether a written instrument is ambiguous is a question of law subject to de novo review. *National Bank of Andover v. Kansas Bankers Surety Co.*, 290 Kan. 247, 264, 225 P.3d 707 (2010). "To be ambiguous, a contract must contain provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language." *Simon v. National Farmers Organization, Inc.*, 250 Kan. 676, 680, 829 P.2d 884 (1992). Ambiguity does not exist unless "'two or more meanings can be

7

construed from the contract provisions. [Citations omitted.]'" *Stechschulte v. Jennings*, 297 Kan. 2, 15, 298 P.3d 1083 (2013).

"The primary rule for interpreting written contracts is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the language of the contract without applying rules of construction. [Citations omitted.] If, on the other hand, the court determines that a written contract's language is ambiguous, extrinsic or parol evidence may be considered to construe it. [Citations omitted.]" *Waste Connections of Kansas, Inc. v. Ritchie Corp.*, 296 Kan. 943, 963, 298 P.3d 250 (2013).

"A cardinal rule of contract construction requires the court to construe all provisions together and in harmony rather than in isolation." *Osterhaus*, 291 Kan. 759, Syl. ¶ 5. "'"An interpretation of a contractual provision should not be reached merely by isolating one particular sentence or provision, but by construing and considering the entire instrument from its four corners. The law favors reasonable interpretations, and results which vitiate the purpose of the terms of the agreement to an absurdity should be avoided. [Citation omitted.]"'" *Waste Connections*, 296 Kan. at 963.

When viewed in isolation, the district court's interpretation that the language in question amounted to an enforceable balloon payment provision seems reasonable. But the location of the language in the contract raises a question about its meaning. The 2014 contract for deed included a section entitled "Price and Payment" that stated:

> "PRICE AND PAYMENT
> "Buyers hereby covenant and agree to pay to the seller the sum of $139,000 as the purchase price for the property, as follows:
> "$30,000 paid to the seller prior to the execution of this agreement, the receipt of which is hereby acknowledged by seller.

8

"The principal sum of $109,000.00 with interest on the whole sum at the rate of 7.5% per annum, payable in monthly installments of $1,070.00 beginning on the fifth day of August, 2014, and continuing on the first day of each and every month thereafter.

"Any interest that may be charged, shall be computed monthly and deducted from the payment and the balance of the payment shall be applied to the principal.

"Buyers shall postmark their payment to the seller's address by the first day of each month during the lifetime of this agreement."

At no place in this section of the contract does the language suggest that the contract is for a term of two years or that the contract includes a balloon payment after two years. The language merely sets forth how the balance of the debt will be paid, stating that the $109,000 balance carried an interest rate of 7.5 percent and will be paid in installments of $1,070 per month.

Several pages later, the contract contains a section entitled "Prepayment." It is within this prepayment section that the language at issue is found. It states:

"The buyer may prepay the entire balance outstanding at any time without penalty and without notice. Such prepayment shall not include unearned interest. *The buyers have two years from the date of this agreement to pay the principal sum and corresponding interest.* Upon full prepayment, the seller shall have 20 days in which to deliver a warranty deed or equivalent deed." (Emphasis added.)

The Seller argues that the clear and plain language of the contract lends itself to only one meaning: the Buyers must pay the contract in full within two years. But the Buyers find significance in the placement of the language, noting that not only does the heading suggest the language is about prepayment, but that the sentence is surrounded by sentences containing the word prepayment. The Buyers argue that the context of the sentence influences its meaning, and the sentence should not be read in isolation. They assert that the sentence means that if the Buyers desired to prepay the loan, such a prepayment must occur within two years to avoid a penalty.

We agree with the Buyers that the location of the language within a contract is significant. The interpretation of a contractual provision should not be reached by isolating one sentence, but by considering the entire instrument from its four corners. *Waste Connections*, 296 Kan. at 963. Generally, the recitals or headings in a contract are to be considered in determining the meaning of the contract under the four corners rule.

> "To the extent possible, and except to the extent that the parties manifest a contrary intent, by stating, for example, that recitals or headings are not to be considered or given effect in determining the meaning of their agreement, every word, phrase or term of a contract must be given effect. An interpretation which gives effect to all provisions of the contract is preferred to one which renders part of the writing superfluous, useless or inexplicable." 11 Williston on Contracts, § 32.5 (4th ed. 2018).

This rule of construction is often called the *noscitur a sociis* rule, meaning that words are known from their associations. In *Farm Bureau Mutual Ins. Co. v. Carr*, 215 Kan. 591, Syl. ¶ 3, 528 P.2d 134 (1974), our Supreme Court stated:

> "The ancient and well known maxim *noscitur a sociis*, literally 'it is known from its associates,' is a common sense aid to the construction of doubtful language. Its effect is that the meaning of a word or phrase which may be obscure or doubtful when considered in isolation may be clarified or ascertained by reference to those words or phrases with which it is associated. It simply means that, taken in context, a word may have a broader or narrower meaning than it might have if used alone."

Here, the ambiguity of the contract is not because of the words used but because of the placement of those words under the heading "Prepayment." The provision in question certainly is not a standard balloon payment clause that one would expect to find in a real estate purchase contract, as the Seller argues. If the provision was intended to be a balloon payment clause, it normally would have been included on page two of the contract under the section entitled "Price and Payment," rather than being included on page seven of the contract under the section entitled "Prepayment." Another option would

10

have been to place the balloon payment provision under a separate section entitled "Additional Agreements," much like the language used in the 2008 contract for deed. But it makes little sense to bury a balloon payment provision of a contract under a section addressing prepayment by the buyers, as a mandatory balloon payment provision and an optional prepayment provision are two entirely different subjects.

On the other hand, we also have trouble with the Buyers' interpretation of the disputed language in the contract. The Buyers argue that the disputed sentence merely limits the Buyers' ability to prepay the contract balance without a penalty, allowing prepayment only during the first two years of the contract. But as the district court noted in ruling, the Buyers' interpretation of the sentence in question conflicts with the first sentence in the "Prepayment" section that expressly provides that the Buyers may prepay the entire balance of the contract "at any time" without penalty and without notice.

In district court, the parties filed a written stipulation of facts adopted by the district court at the bench trial. The parties also stipulated to the following issue of law: "The Parol Evidence Rule applies to this matter and would exclude any evidence outside the 'four corners' of the contract between the parties." Despite the stipulation of law, the district court heard testimony and received exhibits describing the circumstances under which the contract was formed, but it is unclear whether that evidence was considered by the court in reaching its decision. In any event, "[I]t is well-settled Kansas law that although parties can stipulate to questions of fact, stipulations 'cannot be invoked to bind or circumscribe a court in its determination of questions of law.'" *Rural Water District No. 2 v. Miami County Board of County Comm'rs*, No. 105,632, 2012 WL 309165, at *4 (Kan. App. 2012) (quoting *In re Estate of Maguire*, 204 Kan. 686, 691, 466 P.2d 358 [1970], *modified on other grounds* 206 Kan. 1, 476 P.2d 618 [1970]). So neither the district court nor this court is bound by the parties' stipulation that parol evidence cannot be considered.

11

Although the district court found that the contract language clearly expressed the parties' intent that the balance of the contract must be paid within two years, we find otherwise. See *National Bank of Andover*, 290 Kan. at 264 (holding that whether a written instrument is ambiguous is a question of law subject to unlimited review). The 2014 contract for deed, viewing all of its provisions together, contains language of doubtful or conflicting meaning that is subject to more than one reasonable interpretation about whether it includes a balloon payment clause requiring the balance of the purchase price to be paid within two years. See *Simon*, 250 Kan. at 680; *Stechschulte*, 297 Kan. at 15. Because the contract's language is ambiguous, extrinsic or parol evidence may be considered to construe it. See *Waste Connections*, 296 Kan. at 963.

As a result of our finding of ambiguity in the contract, we reverse the district court's judgment and remand for a new trial in which the district court may receive and consider parol evidence to determine the parties' intent on the meaning of the ambiguous balloon payment provision. In addition to considering the parties' stipulated facts and the express language of the contract, the district court must consider all relevant evidence presented by either party about the negotiations in drafting the contract and the circumstances under which the contract was formed, including, but not limited to, any testimony from the actual scrivener of the contract. Based on this disposition of the appeal, we need not reach the Buyers' alternative claim that if foreclosure was appropriate, the district court erred by granting the Buyers only an equitable six-month redemption period instead of requiring a foreclosure sale.

Reversed and remanded with directions.